**GOLDEN RESORTS, LLP, Plaintiff**

**v.**

**ANDREW SIMPSON and RICHARD J. RIDGWAY, Defendants**

**RICHARD J. RIDGWAY, Plaintiff**

**v.**

**GOLDEN RESORTS LIMITED LIABILITY PARTNERSHIP; GOLDEN HOLDINGS LLC; GOLDEN GAMING, LLC; PAUL GOLDEN; JERICHO ALL WEATHER OPPORTUNITY FUND, LP; and ALL PERSONS CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE, OR ANY CLOUD ON PLAINTIFF'S TITLE THERETO and DOES 1 THROUGH 10, INCLUSIVE, Defendants**

Case Nos. SX-08-CV-109, SX-08-CV-284

Superior Court of the Virgin Islands

Division of St. Croix

May 13, 2011

170

171

172

BRADY, *Judge*

## AMENDED MEMORANDUM OPINION[1]

## (May 13, 2011)

THIS MATTER is before the Court on Defendants' Motion For Reconsideration of the Court's decision to grant Summary Judgment in favor of Golden Resorts, LLP (hereinafter Golden Resorts) in Civil No. SX-08-CV-284 which in effect rejected Richard J. Ridgway's (hereinafter Ridgway) claim of adverse possession of the property in Civil No. SX-08-CV-284, Plaintiff's Opposition thereto, and Defendants' Joint Reply to Plaintiff's Opposition. For the reasons stated below, the Motion For Reconsideration will be denied.

## I. STANDARD OF REVIEW

 Motions for Reconsideration are governed by Local Rule of Civil Procedure 7.3.[2] The Rule provides that "a motion for reconsideration shall be based on: (1) intervening change in controlling law; (2) availability of new evidence, or; (3) the need to correct clear error or prevent manifest injustice." LRCI 7.3. These motions are not substitutes for appeals, and are not to be used to register disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising new arguments that could have been raised before but were not.

---

[1] This Memorandum Opinion has been amended to add four (4) Court Exhibits that were not attached to the Memorandum Opinion entered on April 27, 2011. No case citation or legal reasoning in the original Memorandum Opinion has been omitted or changed.

[2] "Adopted [by the District Court, and enacted pursuant to SUPER. CT. R. 7] on March 3, 2000, Local Rule of Civil Procedure 7.4 provides litigants with a vehicle to seek reconsideration or 'reargument,' however fashioned, or an *[sic]* decision or order of the district court." *Bostic v. AT&T of the Virgin Islands*, 312 F. Supp. 2d 731, 733, 45 V.I. 553 (D. V.I. 2004). LRCI 7.4 was eventually revised and became LRCI 7.3.

*Cabrita Point Development, Inc. v. Evans*, 52 V.I. 968, 975 (D. V.I. 2009).[3]

Further, summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986), At this stage, the court makes all reasonable inferences from the evidence in the light most favorable to the non-movant. *In re Flat Glass Antitrust Litig.*, 385 F.3d 350, 357 (3rd Cir. 2004).

Summary judgment may be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Texaco Antilles Ltd. v. Creque*, 273 F. Supp. 2d 660, 662 (D. V.I. 2003). Once the moving party properly supports its motion for summary judgment, the non-moving party must establish a genuine issue of material fact in order to preclude a grant of summary judgment. *Id.* The evidence and inferences drawn therefrom must be viewed in the light most favorable to the non-movant. *Id.* "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.*

## II. ANALYSIS

While the Memorandum Opinion rejecting Ridgway's claim of adverse possession began with a critical analysis of his Declaration and concluded that "Ridgway has failed to allege any material fact that could allow a reasonable trier of fact to find that he had established a claim of right to the property through adverse possession," Mem. Op. Order at 15, in this reconsideration decision other factors consistent with this Court's decision will be discussed.

---

[3] "In the context of a motion to reconsider, manifest injustice '[g]enerally, [ ] means that the Court overlooked some dispositive factual or legal matter that was presented to it.' Manifest injustice has also been defined as 'an error in the trial court that is direct, obvious, and observable.'" *Cabrita Point Development, Inc. v. Evans.* 52 V.I. 968, at 975 (Internal Citations omitted).

■ Under Virgin Islands law, in order to prevail on a claim of adverse possession, the claimant must show "[t]he uninterrupted, exclusive, actual, physical, adverse, continuous, notorious possession of real property under claim or color of title for 15 years or more." V.I. CODE ANN., tit. 28, § 11. Additionally, "courts generally agree that possession, to be adverse so as to vest title in the possessor after the lapse of the statutory period, must be actual, open and notorious, exclusive, hostile, under a claim of right, and continuous and uninterrupted." 2 C.J.S. *Adverse Possession* § 29 (2003). Moreover, "[o]ne who claims title through adverse possession must prove each element of his or her claim by clear and convincing evidence." *Sasso v. Hackett*, 45 V.I. 375, 381 (citing *McNamara v. Christian*, 26 V.I. 109, 112 (Terr. Ct. 1991)). Golden Resorts argues that. Ridgway's possession was neither continuous nor notorious, and also questions whether the actions undertaken by Ridgway with respect to the claimed property are sufficient to establish a claim of adverse possession.

■■ "Actual possession is broadly referred to as 'dominion over the land' and it is not commensurate with occupancy." *Sasso*, 45 V.I. at 381 (citation omitted). However, to establish actual, physical possession a party must prove activities such as the "construction of buildings and making of improvements." *Cabrita Point Development, Inc. v. Evans, supra,* at 983 (citing *Netsky v. Sewer*, 205 F. Supp. 2d 443, 460 (D. V.I. 2002)). Additionally, "[a] claimant's possession must be hostile as to the whole world, which can be demonstrated by performing acts on the land which only an owner customarily performs." *Hodge v. McGowan*, 50 V.I. 296, 301 (Sup. Ct. 2008); *see also Fleming v. Frett*, 33 V.I. 58, 61 (Terr. Ct. 1995) (citing *Cake Box Bakery, Inc. v. Maduro*, 15 V.I. 283 (Terr. Ct. 1978)). "Mere possession of the true owner's land will be presumed to be with the owner's permission and in subordination to his title and thus not hostile to it." *McNamara*, 26 V.I. at 112 (citing 39 AM. JUR. PROOF OF FACTS, *Adverse Possession*, § 7, 285 (1984)).

■ ■ "Open and notorious possession is unconcealed and so conspicuous that it is generally known by the public or by the people of the neighborhood." *Sasso,* 45 V.I. at 383 (citing *Burnett v. Benjamin,* 44 V.I. 170, 176-177 (Terr. V.I. 2002) (internal quotations omitted)). The case precedents in this jurisdiction identify three elements of adverse possession as predominant in importance:

1) Rental by claimant of at least a part of the property;

2) Payment of taxes by claimant on the real property; and

3) The building of substantial improvements on the property by claimant.

It is indisputable that Ridgeway does not lay claim to either of the aforementioned two (2) offers of the proof. However, he does rely upon his various activities which were acknowledged in pages 12-16 of the Memorandum Opinion and Order. The principal reason why these activities do not support the adverse possession claim is that they all were in furtherance of his business operation of a dairy farm (Mountain Mint Dairy a.k.a. Petronella Farm), which is adjacent to the property at issue in both cases. In Ridgway's Declaration submitted as a sworn statement (Defs.' Opp'n Mot. Summ. J. Ex. R-1), Ridgway admits that he purchased his dairy herd of cows and the equipment needed to operate his business from his landlord Mario and Caroline Gasperi, who essentially sold their business enterprise, Castle Nugent Farms, to him. In paragraph 17 Ridgway makes this revelation:

> When I took over the dairy operation I continued to operate it in the same manner that the Castle Nugent Farms had done. I did not restrict my dairy cows to grazing on the property I had leased or to the property I had the right to use per the lease with the Castle Nugent Farms. Aff. of Richard Ridgeway, Ex. R-1.

Earlier in his Declaration Ridgway noted that the "surrounding property" to his leased portion was "The Great Pond property" (see paragraph 4-5). In paragraphs 10-11, he stated that the surrounding property was "owned by the Estate of Howard Wall and that the principals of Castle Nugent Farms, Mario and Caroline Gasperi, were heirs of Howard Wall."

One important factor distinguishes this claim of adverse possession by Ridgway from all others ever presented in this jurisdiction. This Court has not found any other recorded claim of title by adverse possession in this Territory hat comes anywhere close to the two hundred ninety-eight (298) plus acres of land to which this claimant demands title.[4] This claimant leased two hundred (200) acres and essentially continued the operation of

---

[4] This acreage is the sum total of the property (excluding the leased portion) set forth in Paragraph 4 of the complaint of SX-08-CV-284 as the land Ridgway claims title to via adverse possession in his declaration.

a dairy farm of cows under a lease from December 1986 until April 2003 when he sold the last of his herd. This acreage was the same land previously used by his landlord, the Gasperi's. In his own words, he swore to the following:

> My use of the property dropped off after April 7, 2003, because on that date I sold off the last of my dairy herd. Even after I sold the dairy herd, *I continued to use the property for two horses I owned and continued to maintain the fence and continued to otherwise exercise dominion and control over the property*. Aff. of Richard Ridgeway, Ex. R-1 (emphasis added).

After April 7, 2003, he contends to have continued to exercise dominion and control over the Great Pond Property which is one hundred (100) acres larger than the size of the leased property of his Mountain Mint Dairy with his two (2) horses. Absent, however, was the herd of cows which Ridgway swore numbered between two hundred (200) to three hundred (300).[5] Typically adverse possession cases in this jurisdiction involve relatively small parcels of land, usually used as a residence or homestead involving cultivation of crops.

█ In this Court's view, two (2) cases in particular summarize the respective rights and obligations of the holder of the title and the party claiming a right to title while seeking a declaration of adverse possession. The first, indeed, the only case known to this Court that involved property being used for commercial purposes is the case of *Tutein v. Daniels*, 10 V.I. 255 (D. V.I. 1973). That case involved an action to quiet title, where the plaintiff asserted that the owner of the property in dispute (plaintiff's aunt) gave her the property (a lot in Christiansted town) via parol gift. The defendant, who was the surviving spouse of plaintiff's aunt, denied the fact and the validity of the gift. District Court Judge Warren Young found for the plaintiff, holding that "[t]he hostility of the disseisor's possession is the key to success in an action for adverse

---

[5] The size of Ridgway's herd was stated on page 11 of his Joint Motion To Reconsider Order Granting Summary Judgment. In a letter to the Police Department dated *December 27, 2007*, Defendant Simpson identified himself as Ridgway's representative and made this statement: "Until recently, Mr. Ridgway's dairy cows provided the source of milk for Island Dairies' production of milk on St. Croix." This representation is at odds with Ridgway's sworn declaration that he "sold off the last of my dairy herd" on *April 7, 2003*.

possession." *Id.* at 260. Furthermore, in analyzing the hostility of plaintiff's claim, the Court noted that plaintiff, between 1950-1955, constructed "a substantial building worth . . . between $10,000 to $12,000" and leased the improved property as a bakery and butchery, which the Court found to be worth "about $22,000" at the time of the judgment. *Id.* at 260-261. The plaintiff continued to upgrade the building, and also paid the real property taxes throughout the entire period of her adverse possession. Not only did these acts demonstrate hostility to other claims; the Court held that it clearly demonstrated a claim of right:

> *A substantial and affirmative act such as the payment of taxes is highly consistent with a claim of right to the property*, even if the taxpayer is profiting from the use of the property and may be paying the taxes out of such profits. *Id.* at 262 (emphasis added).

After noting that the property was a vacant lot before "Miss Jess" (as she was popularly known — today she would probably be called a community activist) improved the property and increased its value Judge Young opined:

> . . . it is my view that Tutein has proved all of the necessary elements for title by adverse possession. Indeed, plaintiff's actions of ownership present perhaps the classic or paradigmatic case for granting adverse title. *Id.* at 256.

While the Gasperi's, as the heirs to the estate of Howard Wall may have had a claim of right to use the Great Pond Property in their dairy farm operation, Ridgway would have had no such right, nor does he make such a claim much less establish any such right. Ridgway constructed no significant improvements to the claimed property by merely erecting fences, digging wells, grazing his herd of cattle, and posting no trespassing signs. All of these activities did not improve the property or its value (as will be discussed later), but rather only facilitated his commercial venture of dairy farming. Moreover he did not pay taxes, nor did he collect rent while permitting others to use the property on various occasions.

The other case which the Court deems to be highly instructive was an adverse possession claim to title tried by Judge (now Justice) Maria Cabret in 1991, namely, *McNamara v. Christian et al.*, 26 V.I. 109 (Terr. Ct. 1991). The subject of the case was Plot No. 4, Estate Richmond in Christiansted. The plaintiff, as a boy, moved to the adjoining plot with his

178

parents in 1969, but soon thereafter the occupants of Plot 4 (who were apparently tenants) vacated the premises. Then in 1972, the McNamara family razed the structure on Plot 4 and constructed a fence out of debris around two (2) sides of Plot No. 4. The plaintiff testified that in 1977 his mother gave him exclusive possession and responsibility for maintaining the property. In furtherance of his mother's directive McNamara erected a tool shed and a dog house, posted a "no trespassing sign" and in 1989 enclosed the plot with a chain link fence and placed a container trailer on the property. He testified that on many occasions he had stopped numerous individuals from picking coconuts from a tree on Plot No, 4. *Id.* at 110-111.

The defendant's representative was the legal guardian of the title holders of Plot 4. She testified that she had been handling the affairs of the defendants in relation to Plot No. 4 of Estate Richmond for about fifteen (15) years and during that time she maintained that the public used the plot as a dump site for garbage. She further claimed that she often hired an individual to clear the plot of debris and make repairs to the makeshift fence built by plaintiff. Having noticed the presence of the trailer, she had her legal counsel write a letter to McNamara demanding rental payments for his use of Plot No. 4. She also said that she telephoned the plaintiff on numerous days, but he never responded to the letter or her calls. *Id.* at 111. Before rejecting the plaintiff's claim to title by adverse possession Judge Cabret noted:

> Clearly, *the evidence on the issue of exclusive, open, notorious and hostile possession is both scarce and conflicting.* Yet, as previously noted, *Plaintiff had to prove, by clear and convincing evidence, that his possession of Plot 4 was exclusive, open, continuous, notorious, and hostile for 15 years.* Plaintiff has failed to carry his burden. The court is not clearly convinced that his possession of Plot 4 was exclusive, open, notorious, and hostile to the rights of the defendants . . . Additionally, *it is uncontroverted that neither the plaintiff nor his parents ever paid any taxes on Plot 4. Although the payment of taxes is not a necessary prerequisite to prevailing on a claim for adverse possession, it is significant evidence in determining whether possession is in fact under a claim or right. Id.* at 113-114, citing *Cake Box Bakery, Inc. v. Maduro,* 15 V.I. 283 (Terr. 1978) (emphasis added).

The *Tutein* and *McNamara* cases epitomize the standard to be used in granting or denying adverse possession claims. In the instant matter,

when Ridgway's use of the property in issue is compared to *Tutein's* "classic or paradigmatic" evidence (as described by Judge Young) in support of his adverse possession claim it pales by comparison. Likewise *McNamara*'s "scarce and conflicting" evidence of adverse possession is mirrored in Ridgway's unsubstantial and mostly irrelevant evidence in support of his claim of adverse possession of approximately three hundred (300) acres of undeveloped land. The relevance of these two (2) opinions which reached opposite results are enhanced by their authors who are two (2) of our most scholarly and lucid wordsmiths of our judiciary.

In an effort to establish adverse possession, Ridgway submitted photos as evidence in support of his claim. However, this Court finds that the photos of Cow no. 896 prove absolutely nothing in support of his adverse possession claim. Defs.' Joint Opp'n Mot. Summ. J. Ex. R-8. The other photos of cows submitted by Ridgway depict a few cows, no more than ten (10) on nondescript pastures Ridgway claims are on the property to which he claims title. *Id.* at Ex. 10a-10f. However, these photos do nothing to prove that the cows are cows owned by Ridgway on the subject property in the time frame of his adverse possession claim.

Ridgway submitted four (4) documents in his Joint Opposition dealing with "Slo Mon" signs which he implies he created and posted on the Great Pond property. Each document will be discussed below.

Defs.' Joint Opp'n Mot. Summ. J. Ex. R-65: Front page of St. Croix Avis for January 30, 1998. Under the heading "Crucian Cows" there are photos of a couple of cows, hay rolls and a sign depicting a drawing of a cow with the words "Slo Mon Crosin." The caption under the photo reads: "The Mountain Mint Dairy Farm *near* Great Fond produces fresh milk from Holstein cows. The cows munch on fresh hay from Longford Estate. Motorists are advised to take it slow in the area" (emphasis added).

Defs.' Joint Opp'n Mot. Summ. J. Ex. R-73: A single page of a free publication dated February 23, 1995 whose caption is: "Oh Lawd, Tis The Island Melee." The headline reads "New High-Tech Traffic Signals Come to St. Croix," and again depicts the "Slo Mon Crosin" sign. The short article is a "tongue-in-cheek" announcement that Public Works officials will be using the signs as "state of the art traffic control signals."

Defs.' Joint Opp'n Mot. Summ. J. Ex. R-74: A publication of Chicago Sun-Times (Sun Times News Group), It is a faxed copy of an article

180

entitled "Scoping out St. Croix — Active travel on the 'other' Virgin Island," dated October 17, 1999. The author Judi Dash began with the "Slo, Mon" sign which she characterized as projecting "this somnambular island pace which 'locals' call the 'attitude of the latitude.' " It is a positive article which complements St. Croix as a tourist attraction with great restaurants and hospitable residents but never mentions Ridgway or his dairy farm.

Defs.' Joint Opp'n Mot. Summ. J. Ex. R-75: A photograph of a fence, silhouettes of two (2) cows behind the fence and a small sign with the name Alyssa Ridgway.

Defs.' Joint Opp'n Mot. Summ. J. Ex. R-76: Another "Slo Mon Crosin" sign with an attachment of a Declaration of Michael Dance stating that the photo "is a true and accurate copy of a photograph I took during the Great Pond brush fire of April 10, 2008."

■■■ These exhibits are highlighted, not for their probative value on any relevant or material issue in this case, but rather for their lack thereof — the Summary Judgment decision had dismissed them as irrelevant and they remain non-probative on Ridgway's claim to adverse possession. While the claimant has provided photos of individual cows, there is no exhibit which sustains the presence of a herd of cows numbering between two hundred (200) to three hundred (300) by him at any time before 2003 on the property in issue when he quit the property by ending his dairy operation. In this case — as in all adverse possession claims in this jurisdiction — the evidence must be "clear and convincing" on each and every element mandated by V.I. CODE ANN., tit. 28, § 11.

These exhibits are virtually irrelevant as proof of adverse possession. Additionally, even though the statements of neighbors and others who interacted with Ridgway indicate that they may have concluded that he owned the property in issue because they saw him and some of his dairy cows on the property, this evidence does not clearly or convincingly satisfy the multiple criteria detailed in tit. 28 V.I.C. § 11. *See Cabrita Point Development, Inc. v. Evans, supra* at 984 (Chief Judge Gomez cites *McNamara v. Christian, supra* in support of the District Court's denial of a recent adverse possession claim).

Ridgway also submitted several payment applications to the U.S. Department of Agriculture, requesting funds for repairs following Hurricanes Hugo (1989), Marilyn (1995), and Georges (1999) in support of his claim. On the Approval and Payment Application dated March 30,

1989, beneath the line warning that any fraudulent claim may subject the applicant to federal criminal and civil penalties, Ridgway claims a total of four hundred (400) acres, two hundred (200) each of farmland and cropland. Def. Opp'n Mot. Summ. J. Ex. R-27. There is no breakdown of where these four hundred (400) acres are located on this document; the document merely states that Ridgway is seeking to "restor[e] permanent fences for the following acreages: Farmland 200 acres, Cropland 200 acres." *Id.* This acreage comports with the agricultural lease produced by Ridgway, which gave him a lease of two hundred (200) acres for the dairy farm, and an additional two hundred (200) acres of grazing land. *Id.* at Ex. R-3. However, on a later document dated December 30, 1994 that Ridgway titles "UCC financing statement in favor of USA granting security on cows on Great Pond," it shows that Ridgway claims to have cattle on two hundred (200) acres described as "200 Petronella," two hundred (200) acres described as "200 Wall" and three hundred (300) acres described as "300 Great Pond." *Id.* at Ex. R-44. The document erroneously totals this number to six hundred (600) instead of seven hundred (700) acres. On the final Approval and Payment Application, dated September 11, 1995, it appears that Ridgway is claiming eight hundred (800) acres, six hundred (600) of farmland and two hundred (200) of cropland, again with no indication of where this land is located. *Id.* at Ex. R-50. In fact, the only document submitted by Ridgway from the Department of Agriculture that identifies where the claimed land is located is a request submitted in 1995 after Hurricane Marilyn. However, while Ridgway's adverse possession claim is for a plot of land approximately three hundred (300) acres in size (there is no designation of whether the land is farmland or cropland), the document states that the location is "G3RA2B2 ESTATE PETRONLLA [*sic*], Plot, 10_11, EAST END C ST." *Id.* at Ex. R-33. Thus, it seems that it refers to land that is not even the subject of this dispute.

The acreage of farmland and cropland Ridgway sought and received federal funds to clean up shows a startling disparity compared to the real property Ridgway claims by adverse possession. Furthermore, in each application, the acreage claimed varies wildly, starting at four hundred (400) acres and expanding to eight hundred (800). Ridgway offers no explanation for these changes. That Ridgway would make such claims to governmental agencies strains his credibility. Like the "Slo Mon" signs discussed earlier in this Memorandum, these exhibits are not only

182

non-probative, but rather they seem intended to obfuscate the claim of adverse possession rather than elucidate it.

### a. Title Holders' Use of the Subject Property

In contrast to Ridgway, in submissions by affidavits, photos, and other documentary evidence, the Court finds that Golden Resorts and its predecessors in title performed a significant amount of surveys, studies, proposals and other activities which demonstrate dominion and control over the subject property during the same period of time (1987-2008) when Ridgway lays claim to the subject property. The aerial photographs submitted by both sides depict a large mass of land seemingly uncultivated and uninhabited. It is significant that three (3) title holders preceded Golden Resorts as owner (Great Pond Bay Realty Trust (GPB), Korrey Family Investments (KFI), and Four J Funding). Furthermore, Golden Resorts and its predecessors (except for KFI) in title paid all applicable property taxes, and otherwise acted as one would expect of owners of a large piece of property with intention to develop the same. The reality is that they were in succession title holders to the large acreage to which Ridgway now asserts a right of tide by adverse possession against Golden Resorts.

In 1987, GPB purchased the property. *See* Pl. Mem. Supp. Mot. Summ. J. Ex. 2. After two years, GPB had the property rezoned for development. *Id.* at Ex. 3. There is a great deal of evidence of the work that GBP, specifically through the efforts of E. Emerson Ussery (a principal and owner of the controlling interest in GPB), put into having this property rezoned for a specific development. This process required public hearings and approval by a regulatory body (St. Croix Costal Zone Management Committee) as well as legislative approval. Golden Resorts has submitted several letters dated in the year 1986 that document Ussery's plan to purchase the property with the goal of building the world's first resort exclusively for the handicapped, the year *before* Ridgway asserts that his adverse possession claim began. *See* Letter dated Feb. 14, 1986, *Id.* Mr. Ussery was in contact with the Commissioner of Commerce (now Tourism) and the Governor of the Virgin Islands as well, who both expressed agreement with the plans Mr. Ussery had for the area. In a letter dated June 12, 1986, Governor Juan F. Luis told Ussery that he was impressed that the plan "addressed itself to those areas most critical to our economic development effort in the territory." Governor Luis also

specifically mentioned how restoring Great Salt Pond to a wildlife preserve would be a "tremendous asset to the environment and the Virgin Islands community." *Id.* Thus, it seems clear that Mr. Ussery exerted significant dominion and control of the property, not by actual occupancy, but by proposing plans to make significant use of and improvements to it and advocating support for these proposals both from the public and private sectors. During this time period, Ridgway has presented no evidence that he made any competing claims to the property. In point of fact he first publicly staked his claim to ownership when he filed his suit for adverse possession on June 5, 2008 *after* Golden Resorts had sued both Attorney Simpson and Ridgway on February 22, 2008.

From 1987 to 1991, the owners of GPB claim that they were consistently on the property, performing inspections, and never observed any livestock or signs of adverse possession. In fact, one of the owners of GPB, John Warlick, testified via affidavit that he never observed any cows on the property at any time he was there, except when some cows broke through the fence at the neighboring Castle Nugent Farms.[6] Furthermore, he stated that he knew Richard Ridgeway personally and never once saw him on the property at issue. *Id.* at Ex. 2.

While GPB owned the property between 1987 and 1991, they performed various surveying, design planning, and soil bore testing activities on the property. *Id.* at Ex. 2-3. GPB never observed any cattle, horses, or Ridgeway on the property at this time. *Id.* Photographs from 1987, presented as part of Exhibit 2, verify that no cattle, horses or other livestock were present on the property. *Id.*

In his response to Plaintiff's Motion for Summary Judgment, Defendant chose not to substantially address the usage and dominion shown by Golden Resorts and his predecessors in title, and instead relies

---

[6] This reference to Castle Nugent Farms is undeniably erroneous, since defendant Ridgway was leasing some 200 acres and running a dairy farm which he identified as Mountain Mint Dairy Farm. Since Ridgway leased the land from the Gasperi's, who were heirs to the Great Pond property and had used the same property as a dairy farm (Castle Nugent Farm), the occasional presence of cows (and perhaps horses) would not be perceived as adverse possession by their neighbors. But Warlick's misidentification nevertheless casts considerable doubt on Ridgway's assertion that his claim was hostile to ownership of the title from 1987 to the present title holder and his predecessors. The lease between the Gasperi's and Ridgway was signed on December 30, 1986, immediately before Ridgway asserts that his adverse possession claim began, which would be legally ineffective since it would be against his landlords, who were heirs to the Estate of Howard Wall (*see* AM. JUR. *supra* page 4).

on statements regarding the locations of his cattle and horses at various times. *See, e.g.*, Defs.' Opp. Mot. Summ. J. at 14-16. Ridgway further, in claiming that his alleged adverse possession was open and notorious, relies on questioning the observations of Ussery and Warlick without providing objective, concrete evidence to buttress his claim. *See id.* at 26 (". . . so how did Ussery miss the cows Warlick saw?"). The Court finds these arguments wholly unpersuasive. Even if Ridgway's cows or horses did wander periodically onto the Great Pond property now owned by Golden Resorts, it is simply insufficient to prove dominion and control as required by all precedents in this jurisdiction awarding title by adverse possession.

Defendants' Joint Motion To Reconsider cites the case of *King v. Hazen*, 2006 Ohio 4823, ¶ 68 (Ohio App. 2006), for the proposition that "[o]nly the jury can determine 'how exclusive is exclusive, how open is open, how notorious is notorious, how continuous is continuous, and how adverse is adverse.' " Defs' Mot. Recons, at 8. Ridgway's implication is that adverse possession cases in this jurisdiction must be decided by juries. Apart from the reality that the Court of Appeals of Ohio is not a precedent for the Virgin Islands, the decision of the Court of Appeals was to remand the case to the trial court which had made the decision on the adverse possession issue for the reason that the trial court conducted no hearing before granting summary judgment. This Court scheduled and entertained oral argument on the specific issues of adverse possession and Golden Resort's request for summary judgment on October 20, 2009 and considered the voluminous exhibits filed by both sides before making the summary judgment decision.

Equally unavailing is Ridgway's reliance on *Hodge v. McGowan*, 50 V.I. 296 (Sup. Ct. 2008) in his Motion To Reconsider Order Granting Summary Judgment as supporting the proposition that lawsuits based on adverse possession must be decided by juries. Indeed, Ridgway's use of this V.I. Supreme Court case can best be described as feckless.

*Hodge v. McGowan* involved a land dispute on St. John which originated in the 1960's in the case of *Smith v. 54.9 Acres of Land*, St. T. Civ. No. 294-1960 (D. V.I. 1961) before a Judge of the District Court in which a claim to title by adverse possession was made. The same land continued to be in litigation when Judge Alphonso Christian, Sr., as a Senior Sitting Judge of the Territorial Court ruled on *McGowan v. Hodge*, 27 V.I. 16 (Terr. Ct 1992), which was subsequently appealed to the

Appellate Division of the District Court. That Court then twice remanded the case to the trial court for a new trial. A third trial judge dismissed the claim of adverse possession ruling that the claimant had failed to prove the elements required for such a claim. The dispute was finally resolved by the Virgin Islands Supreme Court by three Superior Court Judges sitting as Justices *Pro Tem*. The Supreme Court's decision is summarized below.

■■■ "In the Virgin Islands, it is the duty of the trier of fact to determine whether the claimant has met his burden of proving the required elements by clear and convincing evidence." *Id.* at 315, citing *Netsky v. Sewer*, 205 F. Supp. 2d 443, 459 (D. V.I. 2002). The three (3) Justices *Pro. Tem.* reviewed the lengthy record and concluded:

> Thus, the record denotes that, except for the grazing of goats, Miller was not able to definitely establish that any of the acts were performed continuously for a fifteen-year period following 1970. *And, regarding the goats, she was unable to prove that grazing goats on the land of another is exclusive of, hostile to, or adverse to the landowner.* As a consequence, the court held that Miller had failed to meet her burden of proving adverse possession by clear and convincing evidence. *On appeal, reviewing the trial court's findings of fact only for clear error as the standard requires, we do not conclude that the trial court's determination was "completely devoid of minimum evidentiary support" or that it "bears no rational relationship to the supportive evidentiary data."* Accordingly the trial court did not err in dismissing Miller's claim of adverse possession . . . Specifically we conclude that the trial court properly limited Miller to evidence of post-1970 acts of adverse possession and that *the trial court did not commit clear error in finding that Miller's evidence was insufficient to establish the elements of adverse possession by clear and convincing evidence. Id.* at 316. (Internal citations omitted) (emphasis added).

Since this Supreme Court decision discounted "grazing goats" as non-probative of adverse possession, presumably grazing cows in this case are equally unpersuasive.

As an argument in support of his adverse possession claim, Defendant states: "Golden's own environmental team notes the property's 'continuous' use for cattle grazing. Exhibit R-59 page 6-64." Defs.'

Opp'n Mot. Summ. J. at 23. But this argument is futile for in this case because the "continuing use for cattle grazing" dated back to the operations of the dairy farm by the Gasperi's (and perhaps before that time since no starting date is revealed in the pleadings) followed by Ridgway until April 2003. Thus the presence of cattle on this adjacent property was not remarkable and is not construed by this Court to constitute hostility to Golden Resorts or any of its predecessors in title.

### b. Ridgway Has Not Satisfied The Fifteen Year Occupancy Requirement

Having addressed the nature of Ridgway's hostility claim, the length of time he claims to have occupied the property in issue will now be examined. Ridgway asserts his presence and dominion of the property began in 1987 when he started his dairy operations and continues even now. But Ridgway acknowledges the property was sold to the GPB in 1987. As made clear earlier in this Opinion, the prodigious efforts of Mr. Ussery, unequivocally demonstrated his dominion over and control of the property by obtaining a zoning change based on his very public plans to build a resort for the handicapped. Thus this reality nullifies Ridgway's claim of adverse possession for the years 1987-1991.

Golden Resorts had argued that the acquisition of title by foreclosure on the property by KFI in 2000 interrupted Ridgway's adverse possession claim. However, this Court ruled that the foreclosure action "did not interrupt Ridgway's alleged adverse possession of the property." Mem. Op. Order Summ. J. at 8-9. On April 14, 2002, Four J Funding LLC and Golden Resorts purchased the property together. Through a lease agreement, Golden Resorts gained the absolute right to occupy the property. *See* Pl. Mem. Supp. Mot. Summ. J. Ex. 9. As the record makes clear Golden Resorts immediately began pre-development activities on the property in issue. Accordingly, while the foreclosure by KFI in 2000, *ipso facto*, would not have interrupted Ridgway's adverse possession claim, acquisition of title to the subject property by Four J Funding LLC in 2002 would have interrupted Ridgway's adverse possession claim based on the title transfer and the lease-purchase agreement. Thus, assuming *arguendo* that Ridgway would have started his adverse possession in 1992, his adverse possession would have ended on April 14, 2002. Additionally, in 2002, Four J Funding paid all outstanding property taxes, which included all the years Ridgway claimed he occupied the

property. Even before Golden Resorts purchased the subject property outright in 2004, it had filed for a zoning change from A1 (agricultural) and R2 (residential — low density) to R3 (residential — medium density). On September 3, 2003 the Twenty-Fifth Legislature passed Bill No. 25-0085 which became law upon approval of the Governor on September 4, 2003, thereby granting the zoning changes.

 According to the exhibits and affidavits Ridgway submitted, his claim of adverse possession of the subject property lasted for at best a total of eleven (11) years (1991-2002). Thus, even assuming these suppositions to be true, Ridgway's claim falls short of the statutory requirement that the adverse possessor occupy the property for an absolute minimum of fifteen (15) years. Accordingly, even awarding Ridgway the most favorable interpretation of the existing record of evidence, this Court must find that Ridgway's adverse possession claim fails as it falls four (4) years short of the statutory minimum period of time that the claimant must demonstrate occupancy, dominion and control over the property before a court can divest the title holder of his/her/its property.

### c. Equities Of The Case Do Not Support A Finding Of Adverse Possession

 The Court feels obligated to express the view that any decision other than to deny the claim of adverse possession to the Great Pond Property by Ridgway would result in manifest injustice. If this Court were to allow this issue to go to a jury trial, much less render judgment in favor of the claimant, it would signal a stark departure from all legal precedents in this jurisdiction which protect the rights of title property owners in the Virgin Islands and grants such claims only upon clear and convincing evidence.

In this case the equities weigh heavily in favor of the title holders rather than the claimant to adverse possession. In 2000, KFI successfully foreclosed and acquired the property via Marshal Sale for the amount of One Million Six Hundred Fifty Thousand Dollars ($1,650,000.00). Pl. Mem. Supp. Mot. Summ. J. Ex. 5-7. In August 2002, Four J Funding LLC purchased the property from KFI pursuant to an agreement with Golden Resorts. *Id.* Ex. 7-9. The purchase price was also One Million Six Hundred Fifty Thousand Dollars ($1,650,000.00), with KFI paying One Million Four Hundred Forty-Two Thousand Dollars ($1,442,000.00), and

Golden Resorts paying the remainder. *Id.* at Ex. *9*. At all times since 2002, the property has remained undeveloped. Furthermore, in 2002, Four J Funding LLC paid all outstanding property taxes from 1998 to 2001 in the amount of Ninety-One Thousand Three Hundred Five Dollars and Twenty-One Cents ($91,305.21). *Id.* at Ex. 11. At the Court's request, the Office of the Tax Assessor supplied the Court with receipts on property tax payments for the years 1997-2007 on the contested property. The records show that the total amount paid by Four J Funding LLC for that period was in the amount of One Hundred Four Thousand Nine Hundred Thirty-Six Dollars and Fifty-One Cents ($104,936.51). As shown in the Certificate of Value on the Warranty Deed and verified by the Real Property Records Clerk in the Recorder of Deeds office, this same property was valued at Three Million Five Hundred Ten Thousand Dollars ($3,510,000.00) in 2004 when Four J Funding LLC sold the property outright to Golden Resorts (*see Id.* at Ex. 10).[7]

In 2002, Golden Resorts began making efforts to develop the land. Specifically, Golden Resorts retained Brian Mosley and Associates, Inc., a professional land surveying company, to perform a complete survey of the property. Golden Resorts also hired Justin Berkely of Antillean Engineers to perform extensive hydrology work, and retained Bioimpact, Inc. to conduct water sampling and collect wildlife and water level data in order to prepare a Phase I Environmental Assessment Report. *Id.* at Ex. 1, 12-15. Golden Resorts applied for the requisite permits, received approvals, certificates, and zoning changes to develop a conference center, casino, and resort complex. *Id.* at Ex. 1.

While obtaining these permits, Golden Resorts built fences and monitoring wells, took soil borings, and conducted various surveying and design planning activities. From 2004 to 2007, Golden Resorts received further surveys from St. Croix Survey and Engineering and Brian Mosley and Associates, Inc., as well as further analysis from BioImpact, Inc. *Id.* at Ex. 12-15. Additionally, Golden Resorts conducted multiple extensive clean-ups of the property to remove debris and garbage, and continually inspected and surveyed the property. *Id.* at Ex. 12-14. Only starting in 2006 did Golden Resorts or its inspectors ever encounter Ridgway on the property. *Id.* at Ex. 13. Each time he was observed, he was told to leave

---

[7] See attached Court Exhibits 1 and 2.

the property either by the inspectors, or by the police, at the direction of the inspectors. *Id.* Based on these activities as indicative of ownership and control by Golden Resorts this Court rejects Ridgway's adverse possession arguments for the years 2002 to the present.

Aside from the purchase prices expended by Golden Resorts and two (2) of its predecessors in title, considerable and notoriously public efforts were exercised to obtain zoning changes for development of the property at considerable expense between 1987 to the present time.

This Court must also note that, pursuant to Ridgway's lease, Ridgway had the opportunity to legitimately and unequivocally acquire title to the Great Pond Property by exercising his right of first refusal to purchase, contained in paragraph ten (10) of the lease. Def. Opp'n Mot. Summ. J. Ex. R-3. That Ridgway had the opportunity to purchase, but rather chose to attempt to acquire title without payment seems questionable with such implausible proof of genuine adverse possession.

Ridgway, in opposing the title holders of their right to continue in possession of the contested property, essentially argues that his mimicry of his landlord's prior use of the adjacent property to his leasehold amounted to and satisfies the legal prerequisites to adverse possession. When the Tax Assessor's value of the property (over Three Million Dollars ($3,000,000.00)) is added to the equation in this dispute on the scale of justice, it can best be described as shocking to the conscience of the Court as grossly unjust enrichment to the claimant literally at the expense of the legitimate title holders.

 Unjust enrichment is defined as "[t]he area of law dealing with unjustifiable benefits of (his kind." BLACK'S LAW DICTIONARY 1678 (9th ed. 2009). In a recent Supreme Court decision, Justice Swan in a Concurring Opinion dealing with implied or quasi contracts noted that "unjust enrichment describes recovery for the value of the benefit retained when there is no contractual relationship, but when, on the grounds of fairness and justice, the law compels performance of a legal and moral duty to pay." *Terrace v. Williams*, 52 VI 225, 242-243 (Sup. Ct. 2009), citing *Pafhausen v. Balano*, 1998 ME 47, 708 A.2d 269, 271 (1998). This equitable principle seems appropriate on the record of evidence presented to this Court, even though this decision requires no payment to any party in this litigation.

St. Croix is the largest of the three (3) Virgins and is often referred to it as "The Big Island." But our land mass is small compared to many of

our Caribbean neighbors which jealously guard their property against encroachment.[8] The legal right to private ownership of real property was specifically recognized and protected by existing Danish law at the time the Virgin Islands became a Territory of the United States of America. This body of Danish law was the Colonial Law of 1906 which was printed under the heading Historic Documents in Title 1 of the Virgin Islands Code in July, 1957. Section 75 of that Colonial Law dealt with property and is reproduced below:

> The right of property is inviolable. No person can be compelled to cede his property, except when the public welfare demands it. This can only be effected according to a Law or an Ordinance, and full compensation must be given.

■■■ As a Territory of the United States of America all residents — citizens and non-citizens alike — have the right to purchase or receive as gifts or inheritance real property. The Bill of Rights in the Revised Organic Act of 1954 enacted by Congress clearly enshrines the right of ownership of property by private individuals or entities in the Virgin Islands.[9] Following the passage of the Revised Organic Act of 1954, the Legislature of the Virgin Islands enacted the Virgin Islands Code, including V.I. CODE ANN., tit. 28, § 11 governing adverse possession claims.[10] This tersely worded law explicitly sets out six (6) specific criteria that an adverse possession claimant must prove by clear and convincing evidence in order to obtain a court judgment awarding such a claimant title to real property then owned by another person or entity holding title to the same property. The clear and obvious intent of the Legislature was to set a high bar for claimants who seek a judgment that

---

[8] For example, both Dominica and Anguilla (Caribbean entities of disparate size) have enacted laws that prohibit a non-citizen of those jurisdictions from purchasing real property unless they apply, are approved for, and purchase "Alien Land Holding Licenses." Court Exhibits 3 and 4 are attached.

[9] Revised Organic Act of 1954 Section 3, which reads in pertinent part: "No law shall be enacted in the Virgin Islands which shall deprive any person of life, liberty, or property without due process of law."

[10] The Virgin Islands Code enacted by the Legislature of the Virgin Islands included laws enacted by its predecessor, the Municipal Councils, which the Organic Act of 1936 continued as the legislative authority for the Virgin Islands until the Revised Organic Act of 1954 created a governmental structure based on three (3) branches of the Government of the Virgin Islands which mirrored the Constitution of the United States of America.

would divest the title holder of his/her/its property. Just as the Legislature of the Virgin Islands sets public policy by enacting laws, the courts of this Territory in interpreting and applying these laws in cases equally create judicial policy by their decisions. Having examined and studied many of the case precedents on this issue, ranging from *Prince v. Duvergee*, 1 V.I. 425 (D. V.I. 1938)[11] in 1938, to *Cabrita Point Development, Inc. v. Evans, supra* in 2009, (which comprise a body of law which this Court must accept as the judicial public policy on the issue of adverse possession), this Court is confident that the rejection of this claim of adverse possession is compatible with the letter and spirit of V.I. CODE ANN., tit. 28, § 11 enacted by our Legislature and consistent with the aforementioned judicial public policy which protects the rights of title holders to real property in our small but precious habitat from unjustified claims.

## CONCLUSION

It is clear to this Court that Ridgway's Motion For Reconsideration raises (1) no intervening change in controlling law; (2) no availability of new evidence; nor (3) the need to correct clear error or prevent manifest injustice as required by Local Rule of Civil Procedure 7.3. The Court finds that Ridgeway did not provide sufficient evidence to defeat summary judgment. Furthermore, Golden Resorts and its predecessors, having legitimately acquired title to the Great Pond Property, made use of the property as one would expect an owner to do. Golden Resorts and other previous title holders to the Great Pond property have clearly demonstrated their dominion and control by paying taxes, applying for and receiving various permits, pursuing specific development plans, having public hearings on those development plans, and obtaining legislative and gubernatorial approval. The record of evidence submitted by both Parties to the Court amply justified the grant of summary

---

[11] Apparently, this case was the first opinion in the District Court on this issue. It was written by former Governor Hastie, who was later appointed by President Truman in 1949 to the Third Circuit of Appeals where he served for twenty two (22) years with distinction. In his ruling, Judge Hastie noted that the issue of hostility of the adverse possession claim would be a factual determination by a jury. However, the final sentence in the opinion was: "Counsel may prepare and submit findings and a decree consistent with this opinion." *Id.* at 430. We can only speculate whether the case was decided by a court decree or a jury verdict.

judgment to Golden Resorts on the issue of Ridgway's claim to title by adverse possession.

Accordingly, Defendants' Joint Motion For Reconsideration must fail and will be denied. An appropriate Order and Judgment will accompany this Memorandum Opinion.

OFFICE OF
THE LIEUTENANT GOVERNOR

(340) 773-6449

**GOVERNMENT OF
THE VIRGIN ISLANDS OF THE UNITED STATES**
— D —
OFFICE OF THE RECORDER OF DEEDS
1131 King Street
Suite 101
St. Croix, VI 00820

OWNERNSHIP ON REM MATR. NOS. 52,53,54,55,& 57 ESTATE HARTMAN BETWEEN 1987-2003.

HOWARD M. WALL JR AUGUST 5, 1987

GREAT POND BAY REALTY AUGUST 5, 1987

FOUR J. FUNDING LLC AUGUST 16, 2002

GOLDEN RESORTS LIMITED LIABILITY LIMITED PARTNERSHIP 2/20/2004

MATR. 47 & 56 ESTATE GREAT POND

HOWARD M. WALL JR AUGUST 5, 1987

GREAT POND BAY REALTY TRUST AUGUST 5, 1987

FOUR J FUNDING LLC AUGUST 16, 2002

GOLDEN RESORTS LIMITED LIABILITY LIMITED PARTNERSHIP 2/20/2004

EXHIBIT
1

193

GOVERNMENT OF
THE UNITED STATES VIRGIN ISLANDS
OFFICE OF THE LIEUTENANT GOVERNOR
TAX ASSESSOR'S OFFICE

1131 King Street
Christiansted, St. Croix, Virgin Islands 00820

## NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL

Dear Property Owner,

Your Notice of Change of Assessment and Real Property Tax Bill has been prepared in a two-part format. A return envelope is enclosed for your convenience. If you choose to pay your Bill by mail, tear off the lower portion - of the tax bill and return it in the enclosed return envelope with your check or money order made payable to GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS. DO NOT SEND CASH.

If you prefer to pay your Real Property Tax Bill in person, bring the entire bill to any department of Finance office. You may pay in person by cash, check, money order or credit card (Mastercard or Visa). The Department of Finance will retain the lower section of your bill.

The due date of the Real Property Tax Bill is June 30th PAY BEFORE SEPTEMBER 1, TO AVOID ADDITIONS FOR LATE PAYMENT. If you pay after August 31st add one and one-half percent (1½%) of the amount due for each month for which the taxes are delinquent.

If you are dissatisfied with this assessment follow the procedures set forth on the bill. Visit or call us at (340) 773-6449 www.ltg.gov.vi

TITLE 23, VIRGIN ISLANDS CODE, SECTION 321 REQUIRES OWNERS TO AFFIX THE STREET NUMBER OF EACH HOUSE IN A CONSPICUOUS PLACE. PLEASE BE SURE THE PHYSICAL ADDRESS OF YOUR PROPERTY IS CLEARLY VISIBLE FROM THE STREET TO HELP LOCATE YOUR PROPERTY IN THE EVENT OF AN EMERGENCY.

### NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL

## 1997 GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS 1997

| DESCRIPTION OF PROPERTY CHRISTIANSTED | | PARCEL - NUMBER |
|---|---|---|
| 52 53 54 55&57 HARTMAN | | 2-07200-0101-00 |

| ASSESSED LAND | ASSESSED IMPROVEMENT | ASSESSED TOTAL | TAX RATE | AMOUNT OF TAX | SEWER USERS FEE | CREDITS | NON-PROFIT OR FARM EXEMPTION | VETERANS ELDERLY OR HOUSTEAD | AMOUNT DUE |
|---|---|---|---|---|---|---|---|---|---|
| 1,765,895 | 0 | 1,765,895 | 0.0125 | 22,073.69 | 0.00 | 0.00 | 20,970.01 | 0.00 | 1,103.68 |

| | | ATTACH FEE, INTEREST, AMOUNT PAID |
|---|---|---|

GREAT POND BAY REALTY TRUST

800 BOYLSTON STREET

REPRINTED 3/01/11 BY AMANDA

BOSTON, MA 02199

According to Title 33, Virgin Islands Code, Section 2451, if dissatisfied with this assessment, you have until Sept. 15th to appeal to the Board of Tax Review; no claim will be considered after this period. If you file such an appeal, you are invited to visit the Tax Assessor's Office in your district where you will be shown all details of the assessment and the method of arriving at the valuation. If errors are found they will be corrected.

### NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL

## 1997 GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS 1997

| DESCRIPTION OF PROPERTY CHRISTIANSTED | | PARCEL - NUMBER |
|---|---|---|
| 52 53 54 55&57 HARTMAN | | 2-07200-0101-00 |

| ASSESSED LAND | ASSESSED IMPROVEMENT | ASSESSED TOTAL | TAX RATE | AMOUNT OF TAX | SEWER USERS FEE | CREDITS | NON-PROFIT OR FARM EXEMPTION | VETERANS ELDERLY OR HOUSTEAD | AMOUNT DUE |
|---|---|---|---|---|---|---|---|---|---|
| 1,765,895 | 0 | 1,765,895 | 0.0125 | 22,073.69 | 0.00 | 0.00 | 20,970.01 | 0.00 | 1,103.68 |

| | | ATTACH FEE, INTEREST, AMOUNT PAID |
|---|---|---|

GREAT POND BAY REALTY TRUST

800 BOYLSTON STREET

REPRINTED 3/01/11 BY AMANDA

BOSTON, MA 02199

According to Title 33, Virgin Islands Code, Section 2451, if dissatisfied with this assessment, you may appeal to the Board of Tax Review; no claim will be considered after this period. If you file such an appeal, you are invited to visit the Tax Assessor's Office shown all details of the assessment and the method of arriving at the valuation. If errors are found...

EXHIBIT 2

194

GOVERNMENT OF
THE UNITED STATES VIRGIN ISLANDS
OFFICE OF THE LIEUTENANT GOVERNOR
TAX ASSESSOR'S OFFICE
1131 King Street
Chri Iansted, St. Croix, Virgin Islands 00820

### NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL

Dear Property Owner,

Your Notice of Change of Assessment and Real Property Tax Bill has been prepared in a two-part format. A return envelope is enclosed for your convenience. If you choose to pay your Bill by mail, tear off the lower portion of the tax bill and return it in the enclosed return envelope with your check or money order made payable to GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS. DO NOT SEND CASH.

If you prefer to pay your Real Property Tax Bill in person, bring the entire bill to any department of Finance office. You may pay in person by cash, check, money order or credit card (Mastercard or Visa). The Department of Finance will retain the lower section of your bill.

The due date of the Real Property Tax Bill is June 30th PAY BEFORE SEPTEMBER 1, TO AVOID ADDITIONS FOR LATE PAYMENT, If you pay after August 31st add one and one half-percent (1-½%) of the amount due for each month for which the taxes are delinquent.

If you are dissatisfied with this assessment follow the procedures set forth on the bill. Visit or call us at (940) 773-6449 www.ltg.gov.vi

TITLE 23, VIRGIN ISLANDS CODE, SECTION 321 REQUIRE OWNERS TO AFFIX THE STREET NUMBER OF EACH HOUSE IN A CONSPICUOUS PLACE. PLEASE BE SURE THE PHYSICAL ADDRESS OF YOUR PROPERTY IS CLEARLY VISIBLE FROM THE STREET TO HELP LOCATE YOUR PROPERTY IN THE EVENT OF AN EMERGENCY.

---

## 1997 — NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL — 1997
### GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS

CHRISTIANSTED

| DESCRIPTION OF PROPERTY | | PARCEL - NUMBER |
|---|---|---|
| 56&47 GREAT POND | | 2-07200-0401-00 |

| ASSESSED LAND | ASSESSED IMPROVEMENT | ASSESSED TOTAL | TAX RATE | AMOUNT OF TAX | SEWER USERS FEE | CREDITS | NON-PROFIT OR FARM EXEMPTION | VETERANS ELDERLY OR HOMESTEAD | |
|---|---|---|---|---|---|---|---|---|---|
| 424,441 | 0 | 424,441 | 0.0126 | 5,305.51 | 0.00 | 0.00 | 0.00 | 0.00 | 5,305.51 |

| | | ATTACH FEE INTEREST AMOUNT PAID |
|---|---|---|

GREAT POND BAY REALTY TRUST

GEN DEL

REPRINTED 3/01/11 BY AMANDA

CSTED ST CROIX, VI 00821

According to Title 33, Virgin Islands Code, Section 2451, if dissatisfied with this assessment, you have until Sept. 15th to appeal to the Board of Tax Review; no claim will be considered after this period. If you file such an appeal, you are invited to visit the Tax Assessor's Office in your district where you will be shown all details of the assessment and the method of arriving at the valuation. If errors are found they will be corrected.

---

## 1997 — NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL — 1997
### GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS

CHRISTIANSTED

| DESCRIPTION OF PROPERTY | | PARCEL - NUMBER |
|---|---|---|
| 56&47 GREAT POND | | 2-07200-0401-00 |

| ASSESSED LAND | ASSESSED IMPROVEMENT | ASSESSED TOTAL | TAX RATE | AMOUNT OF TAX | SEWER USERS FEE | CREDITS | NON-PROFIT OR FARM EXEMPTION | VETERANS ELDERLY OR HOMESTEAD | |
|---|---|---|---|---|---|---|---|---|---|
| 424,441 | 0 | 424,441 | 0.0126 | 5,305.51 | 0.00 | 0.00 | 0.00 | 0.00 | 5,305.51 |

| | | ATTACH FEE INTEREST AMOUNT PAID |
|---|---|---|

GREAT POND BAY REALTY TRUST

GEN DEL

REPRINTED 3/01/11 BY AMANDA

CSTED ST CROIX, VI 00821

According to Title 33, Virgin Islands Code, Section 2451, if dissatisfied with this assessment, you have until Sept. 15th to appeal to the Board of Tax Review; no claim will be considered after this period. If you file such an appeal, you are invited to visit the Tax Assessor's Office in your district where you will be shown all details of the assessment and the method of arriving at the valuation. If errors are found they will be corrected.

195

GOVERNMENT OF
THE UNITED STATES VIRGIN ISLANDS
OFFICE OF THE LIEUTENANT GOVERNOR
TAX ASSESSOR'S OFFICE
1131 King Street
Christiansted, St. Croix, Virgin Islands 00820

## NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL

Dear Property Owner,

Your Notice of Change of Assessment and Real Property Tax Bill has been prepared in a two-part format. A return envelope is enclosed for your convenience. If you choose to pay your Bill by mail, tear off the lower portion of the tax bill and return it in the enclosed return envelope with your check or money order made payable to GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS. DO NOT SEND CASH.

If you prefer to pay your Real Property Tax Bill in person, bring the entire bill to any department of Finance office. You may pay in person by cash, check, money order or credit card (Mastercard or Visa). The Department of Finance will retain the lower section of your bill.

The due date of the Real Property Tax Bill is June 30th. PAY BEFORE SEPTEMBER 1, TO AVOID ADDITIONS FOR LATE PAYMENT. If you pay after August 31st add one and one half-percent (1-½%) of the amount due for each month for which the taxes are delinquent.

If you are dissatisfied with this assessment follow the procedures set forth on the bill. Visit or call us at (340) 773-6449 www.ltg.gov.vi

TITLE 23, VIRGIN ISLANDS CODE, SECTION 921 REQUIRES OWNERS TO AFFIX THE STREET NUMBER OF EACH HOUSE IN A CONSPICUOUS PLACE. PLEASE BE SURE THE PHYSICAL ADDRESS OF YOUR PROPERTY IS CLEARLY VISIBLE FROM THE STREET TO HELP LOCATE YOUR PROPERTY IN THE EVENT OF AN EMERGENCY.

## 1998 NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL 1998
### GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS
#### CHRISTIANSTED

| DESCRIPTION OF PROPERTY | | PARCEL - NUMBER |
|---|---|---|
| 52 53 54 55&57 HARTMAN | | 2-07200-0101-00 |

| ASSESSED LAND | ASSESSED IMPROVEMENT | ASSESSED TOTAL | TAX RATE | AMOUNT OF TAX | SEWER USERS FEE | CREDITS | NON PROFIT OR FARM EXEMPTION | VETERANS ELDERLY OR HOMESTEAD | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 1,765,895 | 0 | 1,765,895 | 0.0125 | 22,073.69 | 0.00 | 0.00 | 20,970.01 | 0.00 | 1,103.68 |

| | | ATTACH FEE | INTEREST | AMOUNT PAID |
|---|---|---|---|---|

GREAT POND BAY REALTY TRUST

800 BOYLSTON STREET

BOSTON, MA 02199

REPRINTED 3/01/11 BY AMANDA

According to Title 23, Virgin Islands Code, Section 2451, if dissatisfied with this assessment, you have until Sept. 15th to appeal to the Board of Tax Review; no claim will be considered after this period. If you file such an appeal, you are invited to visit the Tax Assessor's Office in your district where you will be shown all details of the assessment and the method of arriving at the valuation. If errors are found they will be corrected.

## 1998 NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL 1998
### GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS
#### CHRISTIANSTED

| DESCRIPTION OF PROPERTY | | PARCEL - NUMBER |
|---|---|---|
| 52 53 54 55&57 HARTMAN | | 2-07200-0101-00 |

| ASSESSED LAND | ASSESSED IMPROVEMENT | ASSESSED TOTAL | TAX RATE | AMOUNT OF TAX | SEWER USERS FEE | CREDITS | NON-PROFIT OR FARM EXEMPTION | VETERANS ELDERLY OR HOMESTEAD | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 1,765,895 | 0 | 1,765,895 | 0.0125 | 22,073.69 | 0.00 | 0.00 | 20,970.01 | 0.00 | 1,103.68 |

| | | ATTACH FEE | INTEREST | AMOUNT PAID |
|---|---|---|---|---|

GREAT POND BAY REALTY TRUST

800 BOYLSTON STREET

BOSTON, MA 02199

REPRINTED 3/01/11 BY AMANDA

According to Title 23, Virgin Islands Code, Section 2451, if dissatisfied with this assessment, you have until Sept. 15th to appeal to the Board of Tax Review; no claim will be considered after this period. If you file such an appeal, you are invited to visit the Tax Assessor's Office in your district where you will be shown all details of the assessment and the method of arriving at the valuation. If errors are found they will be corrected.

GOVERNMENT OF
THE UNITED STATES VIRGIN ISLANDS
OFFICE OF THE LIEUTENANT GOVERNOR
TAX ASSESSOR'S OFFICE

1131 King Street
Christiansted, St. Croix, Virgin Islands 00820

### NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL

Dear Property Owner,

Your Notice of Change of Assessment and Real Property Tax Bill has been prepared in a two-part format. A return envelope is enclosed for your convenience. If you choose to pay your Bill by mail, tear off the lower portion of the tax bill and return it in the enclosed return envelope with your check or money order made payable to GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS. DO NOT SEND CASH.

If you prefer to pay your Real Property Tax Bill in person, bring the entire bill to any department of Finance office. You may pay in person by cash, check, money order or credit card (Mastercard or Visa). The Department of Finance will retain the lower section of your bill.

The due date of the Real Property Tax Bill is June 30th PAY BEFORE SEPTEMBER 1, TO AVOID ADDITIONS FOR LATE PAYMENT. If you pay after August 31st add one and one half-percent (1-½%) of the amount due for each month for which the taxes are delinquent.

If you are dissatisfied with this assessment follow the procedures set forth on the bill. Visit or call us at (340) 773-6449 www.ltg.gov.vi

TITLE 23, VIRGIN ISLANDS CODE, SECTION 32C REQUIRES OWNERS TO AFFIX THE STREET NUMBER OF EACH HOUSE IN A CONSPICUOUS PLACE. PLEASE BE SURE THE PHYSICAL ADDRESS OF YOUR PROPERTY IS CLEARLY VISIBLE FROM THE STREET TO HELP LOCATE YOUR PROPERTY IN THE EVENT OF AN EMERGENCY.

---

## 1998

NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL
### GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS

## 1998

| DESCRIPTION OF PROPERTY CHRISTIANSTED | PARCEL - NUMBER |
|---|---|
| 56&47 GREAT POND | 2-07200-0401-00 |

| ASSESSED LAND | ASSESSED IMPROVEMENT | ASSESSED TOTAL | TAX RATE | AMOUNT OF TAX | SEWER USERS FEE | CREDITS | NON-PROFIT OR FARM EXEMPTION | VETERANS ELDERLY OR HOMESTEAD | |
|---|---|---|---|---|---|---|---|---|---|
| 424,441 | 0 | 424,441 | 0.0125 | 5,305.51 | 0.00 | 0.00 | 0.00 | 0.00 | 5,305.51 |

| | | | ATTACH FEE INTEREST AMOUNT PAID |
|---|---|---|---|
| | | | |

GREAT POND BAY REALTY TRUST

GEN DEL

CSTED ST CROIX, VI 00821

REPRINTED 3/01/11 BY AMANDA

According to Title 33, Virgin Islands Code, Section 2451, if dissatisfied with this assessment, you have until Sept. 15th to appeal to the Board of Tax Review. If you file such an appeal, you are invited to visit the Tax Assessor's Office in your district where you will be shown all details of the assessment and the method of arriving at the valuation. If errors are found they will be corrected.

---

## 1998

NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL
### GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS

## 1998

| DESCRIPTION OF PROPERTY CHRISTIANSTED | PARCEL - NUMBER |
|---|---|
| 56&47 GREAT POND | 2-07200-0401-00 |

| ASSESSED LAND | ASSESSED IMPROVEMENT | ASSESSED TOTAL | TAX RATE | AMOUNT OF TAX | SEWER USERS FEE | CREDITS | NON-PROFIT OR FARM EXEMPTION | VETERANS ELDERLY OR HOMESTEAD | |
|---|---|---|---|---|---|---|---|---|---|
| 424,441 | 0 | 424,441 | 0.0125 | 5,305.51 | 0.00 | 0.00 | 0.00 | 0.00 | 5,305.51 |

| | | | ATTACH FEE INTEREST AMOUNT PAID |
|---|---|---|---|
| | | | |

GREAT POND BAY REALTY TRUST

GEN DEL

CSTED ST CROIX, VI 00821

REPRINTED 3/01/11 BY AMANDA

According to Title 33, Virgin Islands Code, Section 2451, if dissatisfied with this assessment, you have until Sept. 15th to appeal to the Board of Tax Review; no claim will be considered after this period. If you file such an appeal, you are invited to visit the Tax Assessor's Office in your district where you will be shown all details of the assessment and the method of arriving at the valuation. If errors are found they will be corrected.

REMITTANCE COPY

GOVERNMENT OF
THE UNITED STATES VIRGIN ISLANDS
OFFICE OF THE LIEUTENANT GOVERNOR
TAX ASSESSOR'S OFFICE
1131 King Street
Christiansted, St. Croix, Virgin Islands 00820

RESIDENTIAL

## NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL

Dear Property Owner,

Your Notice of Change of Assessment and Real Property Tax Bill has been prepared in a two-part format. A return envelope is enclosed for your convenience. If you choose to pay your Bill by mail, tear off the lower portion of the tax bill and return it in the enclosed return envelope with your check or money order made payable to GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS. DO NOT SEND CASH.

If you prefer to pay your Real Property Tax Bill in person, bring the entire bill to any department of Finance office. You may pay in person by cash, check, money order or credit card (Mastercard or Visa). The Department of Finance will retain the lower section of your bill.

The due date of the Real Property Tax Bill is June 30th. PAY BEFORE SEPTEMBER 1, TO AVOID ADDITIONS FOR LATE PAYMENT. If you pay after August 31st add one and one half-percent (1-½%) of the amount due for each month for which the taxes are delinquent.

If you are dissatisfied with this assessment follow the procedures set forth on the bill. Visit or call us at (340) 773-6459 www.ltg.gov.vi

TITLE 23, VIRGIN ISLANDS CODE, SECTION 321, REQUIRES OWNERS TO AFFIX THE STREET NUMBER OF EACH HOUSE IN A CONSPICUOUS PLACE. PLEASE BE SURE THE PHYSICAL ADDRESS OF YOUR PROPERTY IS CLEARLY VISIBLE FROM THE STREET TO HELP LOCATE YOUR PROPERTY IN THE EVENT OF AN EMERGENCY.

---

NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL

## 1999 GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS 1999
### Christiansted

| DESCRIPTION OF PROPERTY | | PARCEL - NUMBER |
|---|---|---|
| 52 53 54 55&57 HARTMAN | | 2-07200-0101-00 |

| ASSESSED LAND | ASSESSED IMPROVEMENT | ASSESSED TOTAL | TAX RATE | AMOUNT OF TAX | SEWER USERS FEE | CREDITS | NON-PROFIT OR FARM EXEMPTION | VETERANS ELDERLY OR HOMESTEAD | |
|---|---|---|---|---|---|---|---|---|---|
| 3,076,938 | 0 | 3,076,938 | 0.0125 | 23,077.04 | 0.00 | 0.00 | 21,923. | 0.00 | 1,153.86 |

| | | ATTACH FEE | INTEREST | AMOUNT PAID |

GREAT POND BAY REALTY
TRUST
800 Boylston St
Boston, MA 02199

According to Title 33, Virgin Islands Code, Section 2461, if dissatisfied with this assessment, you have until Sept. 15th to appeal to the Board of Tax Review; no claim will be considered after this period. If you file such an appeal, you are invited to visit the Tax Assessor's Office in your district where you will be shown all details of the assessment and the method of arriving at the valuation. If errors are found they will be corrected.

---

NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL

## 1999 GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS 1999
### Christiansted

| DESCRIPTION OF PROPERTY | | PARCEL - NUMBER |
|---|---|---|
| 52 53 54 55&57 HARTMAN | | 2-07200-0101-00 |

| ASSESSED LAND | ASSESSED IMPROVEMENT | ASSESSED TOTAL | TAX RATE | AMOUNT OF TAX | SEWER USERS FEE | CREDITS | NON-PROFIT OR FARM EXEMPTION | VETERANS ELDERLY OR HOMESTEAD | |
|---|---|---|---|---|---|---|---|---|---|
| 3,076,938 | 0 | 3,076,938 | 0.0125 | 23,077.04 | 0.00 | 0.00 | 21,923. | 0.00 | 1,153.86 |

| | | ATTACH FEE | INTEREST | AMOUNT PAID |

GREAT POND BAY REALTY
TRUST
800 Boylston St
Boston, MA 02199

According to Title 33, Virgin Islands Code, Section 2451, if dissatisfied with this assessment, you have until Sept. 15th to appeal to the Board of Tax Review; no claim will be considered after this period. If you file such an appeal, you are invited to visit the Tax Assessor's Office in your district where you will be shown all details of the assessment and the method of arriving at the valuation. If errors are found they will be corrected.

GOVERNMENT OF
THE UNITED STATES VIRGIN ISLANDS
OFFICE OF THE LIEUTENANT GOVERNOR
**TAX ASSESSOR'S OFFICE**

1131 King Street
Christiansted, St. Croix, Virgin Islands 00820

**RESIDENTIAL**

### NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL

Dear Property Owner,

Your Notice of Change of Assessment and Real Property Tax Bill has been prepared in a two-part format. A return envelope is enclosed for your convenience.
If you choose to pay your Bill by mail, tear off the lower portion of the tax bill and return it in the enclosed return envelope with your check or money order made payable to GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS. DO NOT SEND CASH.

If you prefer to pay your Real Property Tax Bill in person, bring the entire bill to any department of Finance office. You may pay in person by cash, check, money order or credit card (Mastercard or Visa). The Department of Finance will retain the lower section of your bill.

The due date of the Real Property Tax Bill is June 30th PAY BEFORE SEPTEMBER 1, TO AVOID ADDITIONS FOR LATE PAYMENT. If you pay after August 31st add one and one half-percent (1-½%) of the amount due for each month for which the taxes are delinquent.

If you are dissatisfied with this assessment follow the procedures set forth on the bill, Visit or call us at (340) 773-6459 www.llg.gov.vi

TITLE 23, VIRGIN ISLANDS CODE, SECTION 327 REQUIRE OWNERS TO AFFIX THE STREET NUMBER OF EACH HOUSE IN A CONSPICUOUS PLACE. PLEASE BE SURE THE PHYSICAL ADDRESS OF YOUR PROPERTY IS CLEARLY VISIBLE FROM THE STREET TO HELP LOCATE YOUR PROPERTY IN THE EVENT OF AN EMERGENCY.

### NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL

**1999** GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS **1999**
Christiansted

| DESCRIPTION OF PROPERTY | | | | | | | | PARCEL - NUMBER |
|---|---|---|---|---|---|---|---|---|
| 56 & 47 GREAT POND | | | | | | | | 2-07200-0401-00 |

| ASSESSED LAND | ASSESSED IMPROVEMENT | ASSESSED TOTAL | TAX RATE | AMOUNT OF TAX | SEWER USERS FEE | CREDITS | NON-PROFIT OR FARM EXEMPTION | VETERANS ELDERLY OR HOMESTEAD | |
|---|---|---|---|---|---|---|---|---|---|
| 739,556 | 0 | 739,556 | 0.0125 | 5,546.67 | 0.00 | 0.00 | 0.00 | 0.00 | 5,546.67 |

| | | | ATTACH FEE | INTEREST | AMOUNT PAID |
|---|---|---|---|---|---|

GREAT POND BAY REALTY
TRUST
GEN DEL
Christiansted, VI 00821

According to Title 33, Virgin Islands Code, Section 2451, if dissatisfied with this assessment, you have until Sept. 16th to appeal to the Board of Tax Review; no claim will be considered after this period. If you file such an appeal, you are invited to visit the Tax Assessor's Office in your district where you will be shown all details of the assessment and the method of arriving at the valuation. If errors are found they will be corrected.

### NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL

**1999** GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS **1999**
Christiansted

| DESCRIPTION OF PROPERTY | | | | | | | | PARCEL - NUMBER |
|---|---|---|---|---|---|---|---|---|
| 56 & 47 GREAT POND | | | | | | | | 2-07200-0401-00 |

| ASSESSED LAND | ASSESSED IMPROVEMENT | ASSESSED TOTAL | TAX RATE | AMOUNT OF TAX | SEWER USERS FEE | CREDITS | NON-PROFIT OR FARM EXEMPTION | VETERANS ELDERLY OR HOMESTEAD | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 739,556 | 0 | 739,556 | 0.0125 | 5,546.67 | 0.00 | 0.00 | 0.00 | 0.00 | 5,546.67 |

| | | | ATTACH FEE | INTEREST | AMOUNT PAID |
|---|---|---|---|---|---|

GREAT POND BAY REALTY
TRUST
GEN DEL
Christiansted, VI 00821

According to Title 33, Virgin Islands Code, Section 2451, if dissatisfied with this assessment, you have until Sept. 16th to appeal to the Board of Tax Review; no claim will be considered after this period. If you file such an appeal, you are invited to visit the Tax Assessor's Office in your district where you will be shown all details of the assessment and the method of arriving at the valuation. If errors are found they will be corrected.

199

GOVERNMENT OF
THE UNITED STATES VIRGIN ISLANDS
OFFICE OF THE LIEUTENANT GOVERNOR
**TAX ASSESSOR'S OFFICE**

1131 King Street
Christiansted, St. Croix, Virgin Islands 00820

RESIDENTIAL

### NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL

Dear Property Owner,

Your Notice of Change of Assessment and Real Property Tax Bill has been prepared in a two-part format. A return envelope is enclosed for your convenience. If you choose to pay your Bill by mail, tear off the lower portion of the tax bill and return it in the enclosed return envelope with your check or money order made payable to GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS. DO NOT SEND CASH.

If you prefer to pay your Real Property Tax Bill in person, bring the entire bill to any department of Finance office. You may pay in person by cash, check, money order or credit card (Mastercard or Visa). The Department of Finance will retain the lower section of your bill.

The due date of the Real Property Tax Bill is June 30th. PAY BEFORE SEPTEMBER 1, TO AVOID ADDITIONS FOR LATE PAYMENT. If you pay after August 31st add one and one half-percent (1-½%) of the amount due for each month for which the taxes are delinquent.

If you are dissatisfied with this assessment follow the procedures set forth on the bill. Visit or call us at (340) 773-6459 www.ltg.gov.vi

TITLE 23, VIRGIN ISLANDS CODE, SECTION 321 REQUIRE OWNERS TO AFFIX THE STREET NUMBER OF EACH HOUSE IN A CONSPICUOUS PLACE. PLEASE BE SURE THE PHYSICAL ADDRESS OF YOUR PROPERTY IS CLEARLY VISIBLE FROM THE STREET TO HELP LOCATE YOUR PROPERTY IN THE EVENT OF AN EMERGENCY.

---

NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL

## 2000 GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS 2000
Christiansted

| DESCRIPTION OF PROPERTY | | PARCEL - NUMBER |
|---|---|---|
| 56 & 47 GREAT POND | | 2-07200-0401-00 |

| ASSESSED LAND | ASSESSED IMPROVEMENT | ASSESSED TOTAL | TAX RATE | AMOUNT OF TAX | SEWER USERS FEE | CREDITS | NON PROFIT OR FARM EXEMPTION | VETERANS ELDERLY OR HOMESTEAD | |
|---|---|---|---|---|---|---|---|---|---|
| 739,556 | 0 | 739,556 | 0.0125 | 5,546.67 | 0.00 | 0.00 | 0.00 | 0.00 | 5,546.67 |

| TAX | | ATTACH FEE | INTEREST | AMOUNT PAID |

GREAT POND BAY REALTY
TRUST
GEN DEL
Christiansted, VI 00821

According to Title 33, Virgin Islands Code, Section 2451, if dissatisfied with this assessment, you have until Sept. 15th to appeal to the Board of Tax Review; no claim will be considered after this period. If you file such an appeal, you are invited to visit the Tax Assessor's Office in your district where you will be shown all details of the assessment and the method of arriving at the valuation. If errors are found they will be corrected.

---

NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL

## 2000 GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS 2000
Christiansted

| DESCRIPTION OF PROPERTY | | PARCEL - NUMBER |
|---|---|---|
| 56 & 47 GREAT POND | | 2-07200-0401-00 |

| ASSESSED LAND | ASSESSED IMPROVEMENT | ASSESSED TOTAL | TAX RATE | AMOUNT OF TAX | SEWER USERS FEE | CREDITS | NON PROFIT OR FARM EXEMPTION | VETERANS ELDERLY OR HOMESTEAD | |
|---|---|---|---|---|---|---|---|---|---|
| 739,556 | 0 | 739,556 | 0.0125 | 5,546.67 | 0.00 | 0.00 | 0.00 | 0.00 | 5,546.67 |

| TAX | | ATTACH FEE | INTEREST | AMOUNT PAID |

GREAT POND BAY REALTY
TRUST
GEN DEL
Christiansted, VI 00821

According to Title 33, Virgin Islands Code, Section 2451, if dissatisfied with this assessment, you have until Sept. 15th to appeal to the Board of Tax Review; no claim will be considered after this period. If you file such an appeal, you are invited to visit the Tax Assessor's Office in your district where you will be shown all details of the assessment and the method of arriving at the valuation. If errors are found they will be corrected.

200

GOVERNMENT OF
THE UNITED STATES VIRGIN ISLANDS
OFFICE OF THE LIEUTENANT GOVERNOR
TAX ASSESSOR'S OFFICE
1131 King Street
Christiansted, St. Croix, Virgin Islands 00820

RESIDENTIAL

## NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL

Dear Property Owner,

Your Notice of Change of Assessment and Real Property Tax Bill has been prepared in a two part format. A return envelope is enclosed for your convenience. If you choose to pay your Bill by mail, tear off the lower portion of the bill and return it in the enclosed return envelope with your check or money order made payable to GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS, DO NOT SEND CASH.

If you prefer to pay your Real Property Tax Bill in person, bring the entire bill to any department of Finance office. You may pay in person by cash, check, money order or credit card (Mastercard or Visa). The Department of Finance will retain the lower section of your bill.

The due date of the Real Property Tax Bill is June 30th PAY BEFORE SEPTEMBER 1, TO AVOID ADDITIONS FOR LATE PAYMENT. If you pay after August 31st add one and one half-percent (1-½%) of the amount due for each month for which the taxes are delinquent.

If you are dissatisfied with this assessment follow the procedures set forth on the bill. Visit or call us at (340) 773-6459 www.ltg.gov.vi

TITLE 29, VIRGIN ISLANDS CODE, SECTION 321 REQUIRES OWNERS TO AFFIX THE STREET NUMBER OF EACH HOUSE IN A CONSPICUOUS PLACE. PLEASE BE SURE THE PHYSICAL ADDRESS OF YOUR PROPERTY IS CLEARLY VISIBLE FROM THE STREET TO HELP LOCATE YOUR PROPERTY IN THE EVENT OF AN EMERGENCY.

### NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL

**2000 GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS 2000**

Christiansted

| DESCRIPTION OF PROPERTY | PARCEL - NUMBER |
|---|---|
| 52 53 54 55&57 HARTMAN | 2-07200-0101-00 |

| ASSESSED LAND | ASSESSED IMPROVEMENT | ASSESSED TOTAL | TAX RATE | AMOUNT OF TAX | SEWER USERS FEE | CREDITS | NON PROFIT OR FARM EXEMPTION | VETERANS ELDERLY OR HOMESTEAD | |
|---|---|---|---|---|---|---|---|---|---|
| 3,076,938 | 0 | 3,076,938 | 0.0125 | 23,077.04 | 0.00 | 0.00 | 21,923.1 | 0.00 | 1,153.86 |

| | | | ATTACH FEE INTEREST AMOUNT PAID |
|---|---|---|---|
| | | | |

GREAT POND BAY REALTY
TRUST
800 Boylston St
Boston, MA 02199

According to Title 33, Virgin Islands Code, Section 2451, if dissatisfied with this assessment, you have until Sept. 15th to appeal to the Board of Tax Review; no claim will be considered after this period. If you file such an appeal, you are invited to visit the Tax Assessor's Office in your district where you will be shown all details of the assessment and the method of arriving at the valuation. If errors are found they will be corrected.

### NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL

**2000 GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS 2000**

Christiansted

| DESCRIPTION OF PROPERTY | PARCEL - NUMBER |
|---|---|
| 52 53 54 55&57 HARTMAN | 2-07200-0101-00 |

| ASSESSED LAND | ASSESSED IMPROVEMENT | ASSESSED TOTAL | TAX RATE | AMOUNT OF TAX | SEWER USERS FEE | CREDITS | NON-PROFIT OR FARM EXEMPTION | VETERANS ELDERLY OR HOMESTEAD | |
|---|---|---|---|---|---|---|---|---|---|
| 3,076,938 | 0 | 3,076,938 | 0.0125 | 23,077.04 | 0.00 | 0.00 | 21,923.1 | 0.00 | 1,153.86 |

| | | | ATTACH FEE INTEREST AMOUNT PAID |
|---|---|---|---|
| | | | |

GREAT POND BAY REALTY
TRUST
800 Boylston St
Boston, MA 02199

According to Title 33, Virgin Islands Code, Section 2451, if dissatisfied with this assessment, you have until Sept. 15th to appeal to the Board of Tax Review; no claim will be considered after this period. If you file such an appeal, you are invited to visit the Tax Assessor's Office in your district where you will be shown all details of the assessment and the method of arriving at the valuation. If errors are found they will be corrected.

201

GOVERNMENT OF
THE UNITED STATES VIRGIN ISLANDS
OFFICE OF THE LIEUTENANT GOVERNOR
TAX ASSESSOR'S OFFICE

1131 King Street
Christiansted, St. Croix, Virgin Islands 00820

RESIDENTIAL

### NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL

Dear Property Owner,

Your Notice of Change of Assessment and Real Property Tax Bill has been prepared in a two-part format. A return envelope is enclosed for your convenience. If you choose to pay your Bill by mail, tear off the lower portion of the tax bill and return it in the enclosed return envelope with your check or money order made payable to GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS. DO NOT SEND CASH.

If you prefer to pay your Real Property Tax Bill in person, bring the entire bill to any department of Finance office. You may pay in person by cash, check, money order or credit card (Mastercard or Visa). The Department of Finance will retain the lower section of your bill.

The due date of the Real Property Tax Bill is June 30th PAY BEFORE SEPTEMBER 1, TO AVOID ADDITIONS FOR LATE PAYMENT. If you pay after August 31st add one and one-half-percent (1-½%) of the amount due for each month for which the taxes are delinquent.

If you are dissatisfied with this assessment follow the procedures set forth on the bill. Visit or call us at (340) 773-6459 . www.ltg.gov.vi

TITLE 23, VIRGIN ISLANDS CODE, SECTION 321 REQUIRES OWNERS TO AFFIX THE STREET NUMBER OF EACH HOUSE IN A CONSPICUOUS PLACE. PLEASE BE SURE THE PHYSICAL ADDRESS OF YOUR PROPERTY IS CLEARLY VISIBLE FROM THE STREET TO HELP LOCATE YOUR PROPERTY IN THE EVENT OF AN EMERGENCY.

---

NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL

## 2001 GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS 2001
### Christiansted

| DESCRIPTION OF PROPERTY | PARCEL - NUMBER |
|---|---|
| 52 53 54 55&57 HARTMAN | 2-07200-0101-00 |

| ASSESSED LAND | ASSESSED IMPROVEMENT | ASSESSED TOTAL | TAX RATE | AMOUNT OF TAX | SEWER USERS FEE | CREDITS | NON-PROFIT OR FARM EXEMPTION | VETERANS ELDERLY OR HOMESTEAD | |
|---|---|---|---|---|---|---|---|---|---|
| 3,076,938 | 0 | 3,076,938 | 0.0125 | 23,077.04 | 0.00 | 0.00 | 21,923.1 | 0.00 | 1,153.86 |

| | ATTACH FEE INTEREST AMOUNT PAID |
|---|---|

GREAT POND BAY REALTY
TRUST
800 Boylston St
Boston, MA 02199

According to Title 33, Virgin Islands Code, Section 2431, if dissatisfied with this assessment, you have until Sept. 15th to appeal to the Board of Tax Review; no claim will be considered after this period. If you file such an appeal, you are invited to visit the Tax Assessor's Office in your district where you will be shown all details of the assessment and the method of arriving at the valuation. If errors are found they will be corrected.

---

NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL

## 2001 GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS 2001
### Christiansted

REMITTANCE COPY

| DESCRIPTION OF PROPERTY | PARCEL - NUMBER |
|---|---|
| 52 53 54 55&57 HARTMAN | 2-07200-0101-00 |

| ASSESSED LAND | ASSESSED IMPROVEMENT | ASSESSED TOTAL | TAX RATE | AMOUNT OF TAX | SEWER USERS FEE | CREDITS | NON-PROFIT OR FARM EXEMPTION | VETERANS ELDERLY OR HOMESTEAD | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 3,076,938 | 0 | 3,076,938 | 0.0125 | 23,077.04 | 0.00 | 0.00 | 21,923.1 | 0.00 | 1,153.86 |

| | ATTACH FEE INTEREST AMOUNT PAID |
|---|---|

GREAT POND BAY REALTY
TRUST
800 Boylston St
Boston, MA 02199

According to Title 33, Virgin Islands Code, Section 2431, if dissatisfied with this assessment, you have until Sept. 15th to appeal to the Board of Tax Review; no claim will be considered after this period. If you file such an appeal, you are invited to visit the Tax Assessor's Office in your district where you will be shown all details of the assessment and the method of arriving at the valuation. If errors are found they will be corrected.

202

GOVERNMENT OF
THE UNITED STATES VIRGIN ISLANDS
OFFICE OF THE LIEUTENANT GOVERNOR
TAX ASSESSOR'S OFFICE

1131 King Street
Christiansted, St. Croix, Virgin Islands 00820

**RESIDENTIAL**

## NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL

Dear Property Owner,

Your Notice of Change of Assessment and Real Property Tax Bill has been prepared in a two-part format. A return envelope is enclosed for your convenience. If you choose to pay your Bill by mail, tear off the lower portion of the tax bill and return it in the enclosed return envelope with your check or money order made payable to GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS, DO NOT SEND CASH.

If you prefer to pay your Real Property Tax Bill in person, bring the entire bill to any department of Finance office. You may pay in person by cash, check, money order or credit card (Mastercard or Visa). The Department of Finance will retain the lower section of your bill.

The due date of the Real Property Tax Bill is June 30th PAY BEFORE SEPTEMBER 1, TO AVOID ADDITIONS FOR LATE PAYMENT. If you pay after August 31st add one and one half percent (1-½%) of the amount due for each month for which the taxes are delinquent.

If you are dissatisfied with this assessment follow the procedures set forth on the bill. Visit or call us at (340) 773-6459 www.ltg.gov.vi

TITLE 23, VIRGIN ISLANDS CODE, SECTION 321 REQUIRE OWNERS TO AFFIX THE STREET NUMBER OF EACH HOUSE IN A CONSPICUOUS PLACE. PLEASE BE SURE THE PHYSICAL ADDRESS OF YOUR PROPERTY IS CLEARLY VISIBLE FROM THE STREET TO HELP LOCATE YOUR PROPERTY IN THE EVENT OF AN EMERGENCY.

### NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL

## 2001 GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS 2001
Christiansted

| DESCRIPTION OF PROPERTY | | PARCEL - NUMBER |
|---|---|---|
| 56 & 47 GREAT POND | | 2-07200-0401-00 |

| ASSESSED LAND | ASSESSED IMPROVEMENT | ASSESSED TOTAL | TAX RATE | AMOUNT OF TAX | SEWER USERS FEE | CREDITS | NON-PROFIT OR FARM EXEMPTION | VETERANS ELDERLY OR HOMESTEAD | |
|---|---|---|---|---|---|---|---|---|---|
| 739,556 | 0 | 739,556 | 0.0125 | 5,546.67 | 0.00 | 0.00 | 0.00 | 0.00 | 5,546.67 |

| | | | ATTACH... INTEREST... AMOUNT PAID |
|---|---|---|---|
| | | | |

GREAT POND BAY REALTY
TRUST
GEN DEL
Christiansted, VI 00821

According to Title 33, Virgin Islands Code, Section 2451. If dissatisfied with this assessment, you have until Sept. 15th to appeal to the Board of Tax Review; no claim will be considered after this period. If you file such an appeal, you are invited to visit the Tax Assessor's Office in your district where you will be shown all details of the assessment and the method of arriving at the valuation. If errors are found they will be corrected.

### NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL

## 2001 GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS 2001
Christiansted

| DESCRIPTION OF PROPERTY | | PARCEL - NUMBER |
|---|---|---|
| 56 & 47 GREAT POND | | 2-07200-0401-00 |

| ASSESSED LAND | ASSESSED IMPROVEMENT | ASSESSED TOTAL | TAX RATE | AMOUNT OF TAX | SEWER USERS FEE | CREDITS | NON-PROFIT OR FARM EXEMPTION | VETERANS ELDERLY OR HOMESTEAD | |
|---|---|---|---|---|---|---|---|---|---|
| 739,556 | 0 | 739,556 | 0.0125 | 5,546.67 | 0.00 | 0.00 | 0.00 | 0.00 | 5,546.67 |

| | | | ATTACH... INTEREST... AMOUNT PAID |
|---|---|---|---|
| | | | |

GREAT POND BAY REALTY
TRUST
GEN DEL
Christiansted, VI 00821

According to Title 33, Virgin Islands Code, Section 2451. If dissatisfied with this assessment, you have until Sept. 15th to appeal to the Board of Tax Review; no claim will be considered after this period. If you file such an appeal, you are invited to visit the Tax Assessor's Office in your district where you will be shown all details of the assessment and the method of arriving at the valuation. If errors are found they will be corrected.

REMITTANCE COPY

GOVERNMENT OF
THE UNITED STATES VIRGIN ISLANDS
OFFICE OF THE LIEUTENANT GOVERNOR
TAX ASSESSOR'S OFFICE

1131 King Street
Christiansted, St. Croix, Virgin Islands 00820

RESIDENTIAL

### NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL

Dear Property Owner,

Your Notice of Change of Assessment and Real Property Tax Bill has been prepared in a two part format. A return envelope is enclosed for your convenience. If you choose to pay your Bill by mall, tear off the lower portion of the tax bill and return it in the enclosed return envelope with your check or money order made payable to GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS. DO NOT SEND CASH.

If you prefer to pay your Real Property Tax Bill in person, bring the entire bill to any department of Finance office. You may pay in person by cash, check, money order or credit card (Mastercard or Visa). The Department of Finance will retain the lower section of your bill.

The due date of the Real Property Tax Bill is June 30th PAY BEFORE SEPTEMBER 1, TO AVOID ADDITIONS FOR LATE PAYMENT. If you pay after August 31st add one and one half-percent (1-½%) of the amount due for each month for which the taxes are delinquent.

If you are dissatisfied with this assessment follow the procedures set forth on the bill. Visit or call us at (340) 773-6459 www.ltg.gov.vi

TITLE 23, VIRGIN ISLANDS CODE, SECTION 321 REQUIRES OWNERS TO AFFIX THE STREET NUMBER OF EACH HOUSE IN A CONSPICUOUS PLACE. PLEASE BE SURE THE PHYSICAL ADDRESS OF YOUR PROPERTY IS CLEARLY VISIBLE FROM THE STREET TO HELP LOCATE YOUR PROPERTY IN THE EVENT OF AN EMERGENCY.

NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL

## 2002 GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS 2002
### Christiansted

| DESCRIPTION OF PROPERTY | | PARCEL - NUMBER |
|---|---|---|
| 52 53 54 55&57 HARTMAN | | 2-07200-0101-00 |

| ASSESSED LAND | ASSESSED IMPROVEMENT | ASSESSED TOTAL | TAX RATE | AMOUNT OF TAX | SEWER USERS FEE | CREDITS | NON-PROFIT OR FARM EXEMPTION | VETERANS ELDERLY OR HOMESTEAD | |
|---|---|---|---|---|---|---|---|---|---|
| 1,411,639 | 0 | 1,411,639 | 0.0125 | 10,587.29 | 0.00 | 0.00 | 0.00 | 0.00 | 10,587.29 |

| | | | ATTACHED | INTEREST | AMOUNT PAID |
|---|---|---|---|---|---|
| | | | | | |

FOUR J. FUNDING LLC,
C/O TRESTON E. MOORE ESQ.
PO Box 310
St Thomas, VI 00804

According to Title 23, Virgin Islands Code, Section 2451, if dissatisfied with this assessment, you have until Sept. 15th to appeal to the Board of Tax Review; no claim will be considered after this period. If you file such an appeal, you are invited to visit the Tax Assessor's Office in your district where you will be shown all details of the assessment and the method of arriving at the valuation. If errors are found they will be corrected.

NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL

## 2002 GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS 2002
### Christiansted

| DESCRIPTION OF PROPERTY | | PARCEL - NUMBER |
|---|---|---|
| 52 53 54 55&57 HARTMAN | | 2-07200-0101-00 |

| ASSESSED LAND | ASSESSED IMPROVEMENT | ASSESSED TOTAL | TAX RATE | AMOUNT OF TAX | SEWER USERS FEE | CREDITS | NON-PROFIT OR FARM EXEMPTION | VETERANS ELDERLY OR HOMESTEAD | |
|---|---|---|---|---|---|---|---|---|---|
| 1,411,639 | 0 | 1,411,639 | 0.0125 | 10,587.29 | 0.00 | 0.00 | 0.00 | 0.00 | 10,587.29 |

| | | | ATTACHED | INTEREST | AMOUNT PAID |
|---|---|---|---|---|---|
| | | | | | |

FOUR J. FUNDING LLC,
C/O TRESTON E. MOORE ESQ.
PO Box 310
St Thomas, VI 00804

According to Title 23, Virgin Islands Code, Section 2451, if dissatisfied with this assessment, you have until Sept. 15th to appeal to the Board of Tax Review; no claim will be considered after this period. If you file such an appeal, you are invited to visit the Tax Assessor's Office in your district where you will be shown all details of the assessment and the method of arriving at the valuation. If errors are found they will be corrected.

204

GOVERNMENT OF
THE UNITED STATES VIRGIN ISLANDS
OFFICE OF THE LIEUTENANT GOVERNOR
TAX ASSESSOR'S OFFICE

1131 King Street
Chris ansted, St. Croix, Virgin Islands 00820

RESIDENTIAL

### NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL

Dear Property Owner,

Your Notice of Change of Assessment and Real Property Tax Bill has been prepared in a two-part format. A return envelope is enclosed for your convenience. If you choose to pay your Bill by mail, tear off the lower portion of the tax bill and return it in the enclosed return envelope with your check or money order made payable to GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS. DO NOT SEND CASH.

If you prefer to pay your Real Property Tax Bill in person, bring the entire bill to any department of Finance office. You may pay in person by cash, check, money order or credit card (Mastercard or Visa). The Department of Finance will return the lower section of your bill.

The due date of the Real Property Tax Bill is June 30th PAY BEFORE SEPTEMBER 1, TO AVOID ADDITIONS FOR LATE PAYMENT. If you pay after August 31st add one and one half-percent (1-½%) of the amount due for each month for which the taxes are delinquent.

If you are dissatisfied with this assessment follow the procedures set forth on the bill. Visit or call us at (340) 773-6459 www.ltg.gov.vi

TITLE 23, VIRGIN ISLANDS CODE, SECTION 221 REQUIRES OWNERS TO AFFIX THE STREET NUMBER OF EACH HOUSE IN A CONSPICUOUS PLACE. PLEASE BE SURE THE PHYSICAL ADDRESS OF YOUR PROPERTY IS CLEARLY VISIBLE FROM THE STREET TO HELP LOCATE YOUR PROPERTY IN THE EVENT OF AN EMERGENCY.

---

NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL

## 2002 GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS 2002
### Christiansted

| DESCRIPTION OF PROPERTY | PARCEL - NUMBER |
|---|---|
| 56 & 47 GREAT POND | 2-07200-0401-00 |

| ASSESSED LAND | ASSESSED IMPROVEMENT | ASSESSED TOTAL | TAX RATE | AMOUNT OF TAX | SEWER USERS FEE | CREDITS | NON-PROFIT OR FARM EXEMPTION | VETERANS ELDERLY OR HOMESTEAD | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 206,805 | 0 | 206,805 | 0.0125 | 1,551.04 | 0.00 | 0.00 | 0.00 | 0.00 | 1,551.04 |

ATTACH FEE INTEREST AMOUNT PAID

FOUR J. FUNDING LLC.
C/O TRESTON E. MOORE ESQ.
PO Box 310
St Thomas, VI 00804

According to Title 33, Virgin Islands Code, Section 2431, If dissatisfied with this assessment, you have until Sept. 15th to appeal to the Board of Tax Review; no claim will be considered after this period. If you file such an appeal, you are invited to visit the Tax Assessor's Office in your district where you will be shown all details of the assessment and the method of arriving at the valuation. If errors are found they will be corrected.

---

NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL

## 2002 GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS 2002
### Christiansted

| DESCRIPTION OF PROPERTY | PARCEL - NUMBER |
|---|---|
| 56 & 47 GREAT POND | 2-07200-0401-00 |

| ASSESSED LAND | ASSESSED IMPROVEMENT | ASSESSED TOTAL | TAX RATE | AMOUNT OF TAX | SEWER USERS FEE | CREDITS | NON-PROFIT OR FARM EXEMPTION | VETERANS ELDERLY OR HOMESTEAD | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 206,805 | 0 | 206,805 | 0.0125 | 1,551.04 | 0.00 | 0.00 | 0.00 | 0.00 | 1,551.04 |

ATTACH FEE INTEREST AMOUNT PAID

FOUR J. FUNDING LLC.
C/O TRESTON E. MOORE ESQ.
PO Box 310
St Thomas, VI 00804

According to Title 33, Virgin Islands Code, Section 2431, If dissatisfied with this assessment, you have until Sept. 15th to appeal to the Board of Tax Review; no claim will be considered after this period. If you file such an appeal, you are invited to visit the Tax Assessor's Office in your district where you will be shown all details of the assessment and the method of arriving at the valuation. If errors are found they will be corrected.

GOVERNMENT OF
THE UNITED STATES VIRGIN ISLANDS
OFFICE OF THE LIEUTENANT GOVERNOR
TAX ASSESSOR'S OFFICE
1131 King Street
Christiansted, St. Croix, Virgin Islands 00820

RESIDENTIAL

## NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL

Dear Property Owner,

Your Notice of Change of Assessment and Real Property Tax Bill has been prepared in a two-part format. A return envelope is enclosed for your convenience. If you choose to pay your Bill by mail, tear off the lower portion of the tax bill and return it in the enclosed return envelope with your check or money order made payable to GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS. DO NOT SEND CASH.

If you prefer to pay your Real Property Tax Bill in person, bring the entire bill to any department of Finance office. You may pay in person by cash, check, money order or credit card (Mastercard or Visa). The Department of Finance will retain the lower section of your bill.

The due date of the Real Property Tax Bill is June 30th PAY BEFORE SEPTEMBER 1. TO AVOID ADDITIONS FOR LATE PAYMENT. If you pay after August 31st add one and one half percent (1-½%) of the amount due for each month for which the taxes are delinquent.

If you are dissatisfied with this assessment follow the procedures set forth on the bill. Visit or call us at (340) 773-6459 www.ltg.gov.vi

TITLE 23, VIRGIN ISLANDS CODE, SECTION 321, REQUIRES OWNERS TO AFFIX THE STREET NUMBER OF EACH HOUSE IN A CONSPICUOUS PLACE. PLEASE BE SURE THE PHYSICAL ADDRESS OF YOUR PROPERTY IS CLEARLY VISIBLE FROM THE STREET TO HELP LOCATE YOUR PROPERTY IN THE EVENT OF AN EMERGENCY.

### NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL

## 2003 GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS 2003
### Christiansted

| DESCRIPTION OF PROPERTY | | | | | | | | | PARCEL - NUMBER | |
|---|---|---|---|---|---|---|---|---|---|---|
| 52 53 54 55&57 HARTMAN | | | | | | | | | 2-07200-0101-00 | |
| ASSESSED LAND | ASSESSED IMPROVEMENT | ASSESSED TOTAL | TAX RATE | AMOUNT OF TAX | SEWER USERS FEE | CREDITS | NON PROFIT OR FARM EXEMPTION | VETERANS ELDERLY OR HOMESTEAD | | |
| 1,411,639 | 0 | 1,411,639 | 0.0125 | 10,587.29 | 0.00 | 0.00 | 0.00 | 0.00 | 10,587.29 | |

| | | | ATTACH FEE INTEREST AMOUNT PAID |
|---|---|---|---|

FOUR J. FUNDING LLC,
C/O TRESTON E. MOORE ESQ.
PO Box 310
St Thomas, VI 00804

According to Title 33, Virgin Islands Code, Section 2451, if dissatisfied with this assessment, you have until Sept. 15th to appeal to the Board of Tax Review. no claim will be considered after this period. If you file such an appeal, you are invited to visit the Tax Assessor's Office in your district where you will be shown all details of the assessment and the method of arriving at the valuation. If errors are found they will be corrected.

### NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL

## 2003 GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS 2003
### Christiansted.

| DESCRIPTION OF PROPERTY | | | | | | | | | PARCEL - NUMBER | |
|---|---|---|---|---|---|---|---|---|---|---|
| 52 53 54 55&57 HARTMAN | | | | | | | | | 2-07200-0101-00 | |
| ASSESSED LAND | ASSESSED IMPROVEMENT | ASSESSED TOTAL | TAX RATE | AMOUNT OF TAX | SEWER USERS FEE | CREDITS | NON-PROFIT OR FARM EXEMPTION | VETERANS ELDERLY OR HOMESTEAD | | |
| 1,411,639 | 0 | 1,411,639 | 0.0125 | 10,587.29 | 0.00 | 0.00 | 0.00 | 0.00 | 10,587.29 | |

| | | | ATTACH FEE INTEREST AMOUNT PAID |
|---|---|---|---|

FOUR J. FUNDING LLC,
C/O TRESTON E. MOORE ESQ.
PO Box 310
St Thomas, VI 00804

According to Title 33, Virgin Islands Code, Section 2451, if dissatisfied with this assessment, you have until Sept. 15th to appeal to the Board of Tax Review; no claim will be considered after this period. If you file such an appeal, you are invited to visit the Tax Assessor's Office in your district where you will be shown all details of the assessment and the method of arriving at the valuation. If errors are found they will be corrected.

REMITTANCE COPY

GOVERNMENT OF
THE UNITED STATES VIRGIN ISLANDS
OFFICE OF THE LIEUTENANT GOVERNOR
**TAX ASSESSOR'S OFFICE**
1131 King Street
Christiansted, St. Croix, Virgin Islands 00820

RESIDENTIAL

**NOTICE OF CHANGE IF ASSESSMENT AND REAL PROPERTY TAX BILL**

Dear Property Owner,

Your Notice of Change of Assessment and Real Property Tax Bill has been prepared in a two-part format. A return envelope is enclosed for your convenience. If you choose to pay your Bill by mail, tear off the lower portion of the tax bill and return it in the enclosed return envelope with your check or money order made payable to GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS. DO NOT SEND CASH.

If you prefer to pay your Real Property Tax Bill in person, bring the entire bill to any department of Finance office. You may pay in person by cash, check, money order or credit card (Mastercard or Visa). The Department of Finance will retain the lower section of your bill.

The due date of the Real Property Tax Bill is June 30th. PAY BEFORE SEPTEMBER 1, TO AVOID ADDITIONS FOR LATE PAYMENT. If you pay after August 31st add one and one half-percent (1-½%) of the amount due for each month for which the taxes are delinquent.

If you are dissatisfied with this assessment follow the procedures set forth on the bill. Visit or call us at (340) 773-6459 www.ltg.gov.vi

TITLE 23, VIRGIN ISLANDS CODE, SECTION 321 REQUIRE OWNERS TO AFFIX THE STREET NUMBER OF EACH HOUSE IN A CONSPICUOUS PLACE. PLEASE BE SURE THE PHYSICAL ADDRESS OF YOUR PROPERTY IS CLEARLY VISIBLE FROM THE STREET TO HELP LOCATE YOUR PROPERTY IN THE EVENT OF AN EMERGENCY.

---

NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL

# 2003 GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS 2003
### Christiansted

| DESCRIPTION OF PROPERTY | PARCEL - NUMBER |
|---|---|
| 56 & 47 GREAT POND | 2-07200-0401-00 |

| ASSESSED LAND | ASSESSED IMPROVEMENT | ASSESSED TOTAL | TAX RATE | AMOUNT OF TAX | SEWER USERS FEE | CREDITS | NON-PROFIT OR FARM EXEMPTION | VETERANS ELDERLY OR HOMESTEAD | |
|---|---|---|---|---|---|---|---|---|---|
| 206,805 | 0 | 206,805 | 0.0125 | 1,551.04 | 0.00 | 0.00 | 0.00 | 0.00 | 1,551.04 |

| | | | ATTACH FEE | INTEREST | AMOUNT PAID |
|---|---|---|---|---|---|

FOUR J. FUNDING LLC.
C/O TRESTON E. MOORE ESQ.
PO Box 310
St Thomas, VI 00804

According to Title 33, Virgin Islands Code, Section 2451, if dissatisfied with this assessment, you have until Sept. 15th to appeal to the Board of Tax Review; no claim will be considered after this period. If you file such an appeal, you are invited to visit the Tax Assessor's Office in your district where you will be shown all details of the assessment and the method of arriving at the valuation. If errors are found they will be corrected.

---

NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL

# 2003 GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS 2003
### Christiansted

| DESCRIPTION OF PROPERTY | PARCEL - NUMBER |
|---|---|
| 56 & 47 GREAT POND | 2-07200-0401-00 |

| ASSESSED LAND | ASSESSED IMPROVEMENT | ASSESSED TOTAL | TAX RATE | AMOUNT OF TAX | SEWER USERS FEE | CREDITS | NON-PROFIT OR FARM EXEMPTION | VETERANS ELDERLY OR HOMESTEAD | |
|---|---|---|---|---|---|---|---|---|---|
| 206,805 | 0 | 206,805 | 0.0125 | 1,551.04 | 0.00 | 0.00 | 0.00 | 0.00 | 1,551.04 |

| | | | ATTACH FEE | INTEREST | AMOUNT PAID |
|---|---|---|---|---|---|

FOUR J. FUNDING LLC.
C/O TRESTON E. MOORE ESQ.
PO Box 310
St Thomas, VI 00804

According to Title 33, Virgin Islands Code, Section 2451, if dissatisfied with this assessment, you have until Sept. 15th to appeal to the Board of Tax Review; no claim will be considered after this period. If you file such an appeal, you are invited to visit the Tax Assessor's Office in your district where you will be shown all details of the assessment and the method of arriving at the valuation. If errors are found they will be corrected.

REMITTANCE COPY

GOVERNMENT OF
THE UNITED STATES VIRGIN ISLANDS
OFFICE OF THE LIEUTENANT GOVERNOR
TAX ASSESSOR'S OFFICE

1131 King Street
Chris lansted, St, Croix, Virgin Islands 00820

RESIDENTIAL

### NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL

Dear Property Owner,

Your Notice of Change of Assessment and Real Property Tax Bill has been prepared in a two-part format. A return envelope is enclosed for your convenience. If you choose to pay your Bill by mail, tear off the lower portion of the tax bill and return it in the enclosed return envelope with your check or money order made payable to GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS. DO NOT SEND CASH.

If you prefer to pay your Real Property Tax Bill in person, bring the entire bill to any department of Finance office. You may pay in person by cash, check, money order or credit card (Mastercard or Visa). The Department of Finance will retain the lower section of your bill.

The due date of the Real Property Tax Bill is June 30th PAY BEFORE SEPTEMBER 1, TO AVOID ADDITIONS FOR LATE PAYMENT. If you pay after August 31st add one and one half-percent (1-½%) of the amount due for each month for which the taxes are delinquent.

If you are dissatisfied with this assessment follow the procedure set forth on the bill. Visit or call us at (340) 773-6459 www.llg.gov.vi

TITLE 29, VIRGIN ISLANDS CODE, SECTION 321 REQUIRES OWNERS TO AFFIX THE STREET NUMBER OF EACH HOUSE IN A CONSPICUOUS PLACE. PLEASE BE SURE THE PHYSICAL ADDRESS OF YOUR PROPERTY IS CLEARLY VISIBLE FROM THE STREET TO HELP LOCATE YOUR PROPERTY IN THE EVENT OF AN EMERGENCY.

---

NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL

## 2004 GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS 2004
### Christiansted

| DESCRIPTION OF PROPERTY | | PARCEL - NUMBER |
|---|---|---|
| 56 & 47 GREAT POND | | 2-07200-0401-00 |

| ASSESSED LAND | ASSESSED IMPROVEMENT | ASSESSED TOTAL | TAX RATE | AMOUNT OF TAX | SEWER USERS FEE | CREDITS | NON-PROFIT OR FARM EXEMPTION | VETERANS ELDERLY OR HOMESTEAD | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 179,720 | 0 | 179,720 | 0.0125 | 1,347.90 | 0.00 | 0.00 | 0.00 | 0.00 | 1,347.90 |

| | | ATTACH FEE & INTEREST | AMOUNT PAID |

GOLDEN RESORTS LTD LLC
C/O TRESTON E. MOORE ESQ.
SUITE 1
5035 NORRE GADE
St Thomas, VI 00802

According to Title 33, Virgin Islands Code, Section 2451, if dissatisfied with this assessment, you have until Sept. 15th to appeal to the Board of Tax Review; no claim will be considered after this period. If you file such an appeal, you are invited to visit the Tax Assessor's Office in your district where you will be shown all details of the assessment and the method of arriving at the valuation. If errors are found they will be corrected.

---

NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL

## 2004 GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS 2004
### Christiansted

| DESCRIPTION OF PROPERTY | | PARCEL - NUMBER |
|---|---|---|
| 56 & 47 GREAT POND | | 2-07200-0401-00 |

| ASSESSED LAND | ASSESSED IMPROVEMENT | ASSESSED TOTAL | TAX RATE | AMOUNT OF TAX | SEWER USERS FEE | CREDITS | NON-PROFIT OR FARM EXEMPTION | VETERANS ELDERLY OR HOMESTEAD | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 179,720 | 0 | 179,720 | 0.0125 | 1,347.90 | 0.00 | 0.00 | 0.00 | 0.00 | 1,347.90 |

| | | ATTACH FEE & INTEREST | AMOUNT PAID |

GOLDEN RESORTS LTD LLC
C/O TRESTON E. MOORE ESQ.
SUITE 1
5035 NORRE GADE
St Thomas, VI 00802

According to Title 33, Virgin Islands Code, Section 2451, if dissatisfied with this assessment, you have until Sept. 15th to appeal to the Board of Tax Review; no claim will be considered after this period. If you file such an appeal, you are invited to visit the Tax Assessor's Office in your district where you will be shown all details of the assessment and the method of arriving at the valuation. If errors are found they will be corrected.

REMITTANCE COPY

GOVERNMENT OF
THE UNITED STATES VIRGIN ISLANDS
OFFICE OF THE LIEUTENANT GOVERNOR
TAX ASSESSOR'S OFFICE

1131 King Street
Christiansted, St. Croix, Virgin Islands 00820

RESIDENTIAL

## NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL

Dear Property Owner,

Your Notice of Change of Assessment and Real Property Tax Bill has been prepared in a two-part format. A return envelope is enclosed for your convenience. If you choose to pay your Bill by mail, tear off the lower portion of the tax bill and return it in the enclosed return envelope with your check or money order made payable to GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS. DO NOT SEND CASH.

If you prefer to pay your Real Property Tax Bill in person, bring the entire bill to any department of Finance office. You may pay in person by cash, check, money order or credit card (Mastercard or Visa). The Department of Finance will retain the lower section of your bill.

The due date of the Real Property Tax Bill is June 30th PAY BEFORE SEPTEMBER 1, TO AVOID ADDITIONS FOR LATE PAYMENT. If you pay after August 31st add one and one half-percent (1-½%) of the amount due for each month for which the taxes are delinquent.

If you are dissatisfied with this assessment follow the procedures set forth on the bill. Visit or call us at (340) 773-6459 www.ltg.gov.vi

TITLE 23, VIRGIN ISLANDS CODE, SECTION 321 REQUIRES OWNERS TO AFFIX THE STREET NUMBER OF EACH HOUSE IN A CONSPICUOUS PLACE. PLEASE BE SURE THE PHYSICAL ADDRESS OF YOUR PROPERTY IS CLEARLY VISIBLE FROM THE STREET TO HELP LOCATE YOUR PROPERTY IN THE EVENT OF AN EMERGENCY.

NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL

## 2004 GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS 2004
### Christiansted

| DESCRIPTION OF PROPERTY | PARCEL - NUMBER |
|---|---|
| 52 53 54 55 57 HARTMAN | 2-07200-0101-00 |

| ASSESSED LAND | ASSESSED IMPROVEMENT | ASSESSED TOTAL | TAX RATE | AMOUNT OF TAX | SEWER USERS FEE | CREDITS | NON-PROFIT OR FARM EXEMPTION | VETERANS ELDERLY OR HOUESTEAD | |
|---|---|---|---|---|---|---|---|---|---|
| 1,411,639 | 0 | 1,411,639 | 0.0125 | 10,587.29 | 0.00 | 0.00 | 0.00 | 0.00 | 10,587.29 |

| | | ATTACH FEE INTEREST AMOUNT PAID |
|---|---|---|

GOLDEN RESORTS LTD LLP
C/O TRESTON E. MOORE ESQ.
SUITE 1
5035 NORRE GADE
St Thomas, VI 00802

According to Title 33, Virgin Islands Code, Section 2451, if dissatisfied with this assessment, you have until Sept. 15th to appeal to the Board of Tax Review; no claim will be considered after this period. If you file such an appeal, you are invited to visit the Tax Assessor's Office in your district where you will be shown all details of the assessment and the method of arriving at the valuation. If errors are found they will be corrected.

NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL

## 2004 GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS 2004
### Christiansted

| DESCRIPTION OF PROPERTY | PARCEL - NUMBER |
|---|---|
| 52 53 54 55 57 HARTMAN | 2-07200-0101-00 |

| ASSESSED LAND | ASSESSED IMPROVEMENT | ASSESSED TOTAL | TAX RATE | AMOUNT OF TAX | SEWER USERS FEE | CREDITS | NON-PROFIT OR FARM EXEMPTION | VETERANS ELDERLY OR HOMESTEAD | |
|---|---|---|---|---|---|---|---|---|---|
| 1,411,639 | 0 | 1,411,639 | 0.0125 | 10,587.29 | 0.00 | 0.00 | 0.00 | 0.00 | 10,587.29 |

| | | ATTACH FEE INTEREST AMOUNT PAID |
|---|---|---|

GOLDEN RESORTS LTD LLP
C/O TRESTON E. MOORE ESQ.
SUITE 1
5035 NORRE GADE
St Thomas, VI 00802

According to Title 33, Virgin Islands Code, Section 2451, if dissatisfied with this assessment, you have until Sept. 15th to appeal to the Board of Tax Review; no claim will be considered after this period. If you file such an appeal, you are invited to visit the Tax Assessor's Office in your district where you will be shown all details of the assessment and the method of arriving at the valuation. If errors are found they will be corrected.

REMITTANCE COPY

GOVERNMENT OF
THE UNITED STATES VIRGIN ISLANDS
OFFICE OF THE LIEUTENANT GOVERNOR
TAX ASSESSOR'S OFFICE
1131 King Street
Christiansted, St. Croix, Virgin Islands 00820

RESIDENTIAL

## NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL

Dear Property Owner,

Your Notice of Change of Assessment and Real Property Tax Bill has been prepared in a two-part format. A return envelope is enclosed for your convenience. If you choose to pay your bill by mail, tear of the lower portion of the tax bill and return it in the enclosed return envelope with your check or money order made payable to GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS, DO NOT SEND CASH.

If you prefer to pay your Real Property Tax Bill in person, bring the entire bill to any department of Finance office. You may pay in person by cash, check, money order or credit card (Mastercard or Visa). The Department of Finance will retain the lower section of your bill.

The due date of the Real Property Tax Bill is June 30th PAY BEFORE SEPTEMBER 1, TO AVOID ADDITIONS FOR LATE PAYMENT. If you pay after August 31st add one and one half-percent (1-½%) of the amount due for each month for which the taxes are delinquent.

If you are dissatisfied with this assessment follow the procedures set forth on the bill. Visit or call us at (340) 773-6459 www.ltg.gov.vi

TITLE 22, VIRGIN ISLANDS CODE, SECTION 32 REQUIRES OWNERS TO AFFIX THE STREET NUMBER OF EACH HOUSE IN A CONSPICUOUS PLACE. PLEASE BE SURE THE PHYSICAL ADDRESS OF YOUR PROPERTY IS CLEARLY VISIBLE FROM THE STREET TO HELP LOCATE YOUR PROPERTY IN THE EVENT OF AN EMERGENCY.

### NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL

## 2005 GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS 2005
### Christiansted

| DESCRIPTION OF PROPERTY | | | | | | | | | PARCEL - NUMBER |
|---|---|---|---|---|---|---|---|---|---|
| 56 & 47 GREAT POND | | | | | | | | | 2-07200-0401-00 |

| ASSESSED LAND | ASSESSED IMPROVEMENT | ASSESSED TOTAL | TAX RATE | AMOUNT OF TAX | SEWER USERS FEE | CREDITS | NON-PROFIT OR FARM EXEMPTION | VETERANS ELDERLY OR HOMESTEAD | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 179,720 | 0 | 179,720 | 0.0125 | 1,347.90 | 0.00 | 0.00 | 0.00 | 0.00 | 1,347.90 |

ATTACH FEE INTEREST AMOUNT PAID

GOLDEN RESORTS LTD LLC
C/O TRESTON E. MOORE ESQ.
SUITE 1
5035 NORRE GADE
St Thomas, VI 00802

According to Title 33, Virgin Islands Code, Section 2451, if dissatisfied with this assessment, you have until Sept. 15th to appeal to the Board of Tax Review; no claim will be considered after this period, if you file such an appeal, you are invited to visit the Tax Assessor's Office in your district where you will be shown all details of the assessment and the method of arriving at the valuation. If errors are found they will be corrected.

### NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL

## 2005 GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS 2005
### Christiansted

| DESCRIPTION OF PROPERTY | | | | | | | | | PARCEL - NUMBER |
|---|---|---|---|---|---|---|---|---|---|
| 56 & 47 GREAT POND | | | | | | | | | 2-07200-0401-00 |

| ASSESSED LAND | ASSESSED IMPROVEMENT | ASSESSED TOTAL | TAX RATE | AMOUNT OF TAX | SEWER USERS FEE | CREDITS | NON-PROFIT OR FARM EXEMPTION | VETERANS ELDERLY OR HOMESTEAD | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 179,720 | 0 | 179,720 | 0.0125 | 1,347.90 | 0.00 | 0.00 | 0.00 | 0.00 | 1,347.90 |

ATTACH FEE INTEREST AMOUNT PAID

GOLDEN RESORTS LTD LLC
C/O TRESTON E. MOORE ESQ.
SUITE 1
5035 NORRE GADE
St Thomas, VI 00802

According to Title 33, Virgin Islands Code, Section 2451, if dissatisfied with this assessment, you have until Sept. 15th to appeal to the Board of Tax Review; no claim will be considered after this period, if you file such an appeal, you are invited to visit the Tax Assessor's Office in your district where you will be shown all details of the assessment and the method of arriving at the valuation. If errors are found they will be corrected.

GOVERNMENT OF
THE UNITED STATES VIRGIN ISLANDS
OFFICE OF THE LIEUTENANT GOVERNOR
TAX ASSESSOR'S OFFICE
1131 King Street
Chris ansted, St. Croix, Virgin Islands 00820

RESIDENTIAL

### NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL

Dear Property Owner,

Your Notice of Change of Assessment and Real Property Tax Bill has been prepared in a two-part format. A return envelope is enclosed for your convenience. If you choose to pay your Bill by mail, tear off the lower portion of the tax bill and return it in the enclosed return envelope with your check or money order made payable to GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS. DO NOT SEND CASH.

If you prefer to pay your Real Property Tax Bill in person, bring the entire bill to any department of Finance office. You may pay in person by cash, check, money order or credit card (Mastercard or Visa). The Department of Finance will return the lower section of your bill.

The due date of the Real Property Tax Bill is June 30th. PAY BEFORE SEPTEMBER 1, TO AVOID ADDITIONS FOR LATE PAYMENT. If you pay after August 31st add one and one half-percent (1-½%) of the amount due for each month for which the taxes are delinquent.

If you are dissatisfied with this assessment follow the procedures set forth on the bill. Visit or call us at (340) 773-6459 www.ltg.gov.vi

TITLE 23, VIRGIN ISLANDS CODE, SECTION 321 REQUIRES OWNERS TO AFFIX THE STREET NUMBER OF EACH HOUSE IN A CONSPICUOUS PLACE, PLEASE BE SURE THE PHYSICAL ADDRESS OF YOUR PROPERTY IS CLEARLY VISIBLE FROM THE STREET TO HELP LOCATE YOUR PROPERTY IN THE EVENT OF AN EMERGENCY.

---

NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL

## 2005 GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS 2005
### Christiansted

| DESCRIPTION OF PROPERTY | PARCEL - NUMBER |
|---|---|
| 52 53 54 55&57 HARTMAN | 2-07200-0101-00 |

| ASSESSED LAND | ASSESSED IMPROVEMENT | ASSESSED TOTAL | TAX RATE | AMOUNT OF TAX | SEWER USERS FEE | CREDITS | NON-PROFIT OR FARM EXEMPTION | VETERANS ELDERLY OR HOMESTEAD | |
|---|---|---|---|---|---|---|---|---|---|
| 1,411,639 | 0 | 1,411,639 | 0.0125 | 10,587.29 | 0.00 | 0.00 | 0.00 | 0.00 | 10,587.29 |

| | | | | | ATTACH FEE | INTEREST | AMOUNT PAID |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

GOLDEN RESORTS LTD LLP
C/O TRESTON E. MOORE ESQ.
SUITE 1
5035 NORRE GADE
St Thomas, VI 00802

According to Title 33, Virgin Islands Code, Section 2451, if dissatisfied with this assessment, you have until Sept. 15th to appeal to the Board of Tax Review; no claim will be considered after this period. If you file such an appeal, you are invited to visit the Tax Assessor's Office in your district where you will be shown all details of the assessment and the method of arriving at the valuation. If errors are found they will be corrected.

---

NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL

## 2005 GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS 2005
### Christiansted

| DESCRIPTION OF PROPERTY | PARCEL - NUMBER |
|---|---|
| 52 53 54 55&57 HARTMAN | 2-07200-0101-00 |

| ASSESSED LAND | ASSESSED IMPROVEMENT | ASSESSED TOTAL | TAX RATE | AMOUNT OF TAX | SEWER USERS FEE | CREDITS | NON-PROFIT OR FARM EXEMPTION | VETERANS ELDERLY OR HOMESTEAD | |
|---|---|---|---|---|---|---|---|---|---|
| 1,411,639 | 0 | 1,411,639 | 0.0125 | 10,587.29 | 0.00 | 0.00 | 0.00 | 0.00 | 10,587.29 |

| | | | | | ATTACH FEE | INTEREST | AMOUNT PAID |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

GOLDEN RESORTS LTD LLP
C/O TRESTON E. MOORE ESQ.
SUITE 1
5035 NORRE GADE
St Thomas, VI 00802

According to Title 33, Virgin Islands Code, Section 2451, if dissatisfied with this assessment, you have until Sept. 15th to appeal to the Board of Tax Review; no claim will be considered after this period. If you file such an appeal, you are invited to visit the Tax Assessor's Office in your district where you will be shown all details of the assessment and the method of arriving at the valuation. If errors are found they will be corrected.

· GOVERNMENT OF
THE UNITED STATES VIRGIN ISLANDS
OFFICE OF THE LIEUTENANT GOVERNOR ·
TAX ASSESSOR'S OFFICE
1131 King Street
Christiansted, St. Croix, Virgin Islands 00820

## REVISED NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL

Dear Property Owner,

Your Revised Notice of Change of Assessment and Real Property Tax Bill has been prepared in a two-part format. If payments have been made on the previously issued 2006 bill, this bill reflects a credit for that payment. Please pay Balance Due listed below. If you have overpaid, the additional credit will be applied towards the 2007 tax bill.

A return envelope is enclosed for your convenience. If you choose to pay your bill by mail, tear off the lower portion of the tax bill and return it in the enclosed return envelope with your check or money order made payable to the GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS. DO NOT SEND CASH.

If you prefer to pay your Real Property Tax Bill in person, bring the entire bill to the Tax Collector's office. You may pay in person by cash, check, money order, or credit card (MasterCard or Visa). The Tax Collector's office will retain the lower section of your bill.

THE DUE DATE OF THE REAL PROPERTY TAX BILL IS AUGUST 16, 2010. PAY BEFORE OCTOBER 16, 2010 TO AVOID BECOMING DELINQUENT.

If you are dissatisfied with the assessment, follow the appeal procedures set forth below. Call (340) 773-6459 or visit us at www.ltg.gov.vi

PROPERTY SOLD: Real property tax bills are sent to the owner as of January 1, 2007. If you have sold this property since January 1, 2007, you may need to forward this bill to the new owner.

Mailing Address: It is the responsibility of the property owner to notify the Tax Assessor's Office of any change in their mailing address.

### 2006R

REVISED NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL
GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS

### 2006R

Christiansted

56 & 47 GREAT POND · 2-07200-0401-00

| ASSESSED LAND | ASSESSED IMPROVEMENT | ASSESSED TOTAL | TAX RATE | AMOUNT OF TAX | LESS EXEMPTIONS | SEWER USER'S FEE | AMOUNT DUE | | BALANCE DUE |
|---|---|---|---|---|---|---|---|---|---|
| 179,700 | 0 | 179,700 | 0.0125 | 1,347.75 | 0.00 | 0.00 | 1,347.75 | 3,201.05 | (1,853.30) |

According to Title 33, Virgin Islands Code, Section 2451, if dissatisfied with the assessment you have until Nov. 3rd 2010 to appeal to the Board of Tax Review; no claim will be considered after this period. If you file such an appeal, you are invited to visit the Tax Assessor's Office in your district where you will be shown the details of the assessment and the method of arriving at the valuation. If errors are found they will be corrected.

| OFFICE USE | INTEREST | AMOUNT PAID |
|---|---|---|

2006 Previous Payment $1,347.75
Remaining Credit for 2007 $1853.30

GOLDEN RESORTS LTD LLC
C/O TRESTON E. MOORE ESQ.
SUITE 1
5035 NORRE GADE

### 2006R

REVISED NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL
GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS

### 2006R

Christiansted

56 & 47 GREAT POND · 2-07200-0401-00

| ASSESSED LAND | ASSESSED IMPROVEMENT | ASSESSED TOTAL | TAX RATE | AMOUNT OF TAX | LESS EXEMPTIONS | SEWER USER'S FEE | AMOUNT DUE | | BALANCE DUE |
|---|---|---|---|---|---|---|---|---|---|
| 179,700 | 0 | 179,700 | 0.0125 | 1,347.75 | 0.00 | 0.00 | 1,347.75 | 3,201.05 | (1,853.30) |

According to Title 33, Virgin Islands Code, Section 2451, if dissatisfied with the assessment you have until Nov. 3rd 2010 to appeal to the Board of Tax Review; no claim will be considered after this period. If you file such an appeal, you are invited to visit the Tax Assessor's Office in your district where you will be shown the details of the assessment and the method of arriving at the valuation. If errors are found they will be corrected.

| ATTACH | INTEREST | AMOUNT PAID |
|---|---|---|

2006 Previous Payment $1,347.75
Remaining Credit for 2007 $1853.30

GOLDEN RESORTS LTD LLC
C/O TRESTON E. MOORE ESQ.
SUITE 1
5035 NORRE GADE

212

GOVERNMENT OF
THE UNITED STATES VIRGIN ISLANDS
OFFICE OF THE LIEUTENANT GOVERNOR
TAX ASSESSOR'S OFFICE
1131 King Street
Christiansted, St. Croix, Virgin Islands 00820

## REVISED NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL

Dear Property Owner,

Your Revised Notice of Change of Assessment and Real Property Tax Bill has been prepared in a two-part format. If payments have been made on the previously issued 2006 bill, this bill reflects a credit for the 1 payment. Please pay Balance Due listed below. If you have overpaid, the additional credit will be applied towards the 2007 tax bill.

A return envelope is enclosed for your convenience. If you choose to pay your bill by mail, tear off the lower portion of the tax bill and return it in the enclosed return envelope with your check or money order made payable to the GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS. DO NOT SEND CASH.

If you prefer to pay your Real Property Tax Bill in person, bring the entire bill to the Tax Collector's office. You may pay in person by cash, check, money order, or credit card (MasterCard or Visa). The Tax Collector's office will retain the lower section of your bill.

THE DUE DATE OF THE REAL PROPERTY TAX BILL IS AUGUST 18, 2010, PAY BEFORE OCTOBER 15, 2010 TO AVOID BECOMING DELINQUENT.

If you are dissatisfied with the assessment, follow the appeal procedures set forth below. Call (340) 773-6459 or visit us at www.ltg.gov.vi

PROPERTY SOLD: Real property tax bills are sent to the owner as of January 1, 2007. If you have sold this property since January 1, 2007, you may need to forward this bill to the new owner.

Mailing Address: It is the responsibility of the property owner to notify the Tax Assessor's Office of any change in their mailing address.

## 2006R — REVISED NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS — 2006R

### Christiansted

52 53 54 55 56 HARTMAN — 2-07200-0101-00

| ASSESSED LAND | ASSESSED IMPROVEMENT | ASSESSED TOTAL | TAX RATE | AMOUNT OF TAX | LESS EXEMPTIONS | SEWER USER'S FEE | AMOUNT DUE | | BALANCE DUE |
|---|---|---|---|---|---|---|---|---|---|
| 1,411,600 | 0 | 1,411,600 | 0.0125 | 10,587.00 | 0.00 | 0.00 | 10,587.00 | 12,451.56 | (1,864.56) |

According to Title 33, Virgin Islands Code, Section 2451, if dissatisfied with the assessment, you have until Nov, 3rd 2010 to appeal to the Board of Tax Review; no claim will be considered after this period. If you file such an appeal, you are invited to visit the Tax Assessor's Office in your district where you will be shown the details of this assessment and the method of arriving at the valuation. If errors are found they will be corrected.

ATTACH FEES INTEREST AMOUNT PAID

2006 Previous Payment $10,587.00
Remaining Credit for 2007 $1864.56

GOLDEN RESORTS LTD LLP
C/O TRESTON E. MOORE ESQ.
SUITE 1
5035 NORRE GADE

## 2006R — REVISED NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS — 2006R

### Christiansted

52 53 54 55 56 HARTMAN — 2-07200-0101-00

| ASSESSED LAND | ASSESSED IMPROVEMENT | ASSESSED TOTAL | TAX RATE | AMOUNT OF TAX | LESS EXEMPTIONS | SEWER USER'S FEE | AMOUNT DUE | | BALANCE DUE |
|---|---|---|---|---|---|---|---|---|---|
| 1,411,600 | 0 | 1,411,600 | 0.0125 | 10,587.00 | 0.00 | 0.00 | 10,587.00 | 12,451.56 | (1,864.56) |

According to Title 33, Virgin Islands Code, Section 2451, if dissatisfied with the assessment, you have until Nov, 3rd 2010 to appeal to the Board of Tax Review; no claim will be considered after this period. If you file such an appeal, you are invited to visit the Tax Assessor's Office in your district where you will be shown the details of this assessment and the method of arriving at the valuation. If errors are found they will be corrected.

ATTACH FEES INTEREST AMOUNT PAID

2006 Previous Payment $10,587.00
Remaining Credit for 2007 $1864.56

GOLDEN RESORTS LTD LLP
C/O TRESTON E. MOORE ESQ.
SUITE 1
5035 NORRE GADE

GOVERNMENT OF
THE UNITED STATES VIRGIN ISLANDS
OFFICE OF THE LIEUTENANT GOVERNOR
TAX ASSESSOR'S OFFICE
1131 King Street
Christiansted, St. Croix, Virgin Islands 00820

### NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL

Dear Property Owner,

Your 2007 Notice of Change of Assessment and Real Property Tax Bill has been prepared in a two-part format. If you had an overpayment from your 2006 tax bill, this bill reflects a prepayment. Please pay Balance Due listed below. If there is still an overpayment the additional credit will be applied towards the 2008 tax bill.

A return envelope is enclosed for your convenience. If you choose to pay your bill by mail, tear off the lower portion of the tax bill and return it in the enclosed return envelope with your check or money order made payable to the GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS. DO NOT SEND CASH.

If you prefer to pay your Real Property Tax Bill in person, bring the entire bill to the Tax Collector's office. You may pay in person by cash, check, money order, or credit card (MasterCard or Visa). The Tax Collector's office will retain the lower section of your bill.

THE DUE DATE OF THE REAL PROPERTY TAX BILL IS MARCH 15, 2011. PAY BEFORE MAY 15, 2011 TO AVOID BECOMING DELINQUENT. PAY BY AUGUST 15, 2011 TO AVOID LATE PAYMENT CHARGES (ACT 7241).

If you are dissatisfied with the assessment, you may file an informal appeal with the Tax Assessor's office; if not satisfied a formal appeal may be filed to the Board of Tax Review no later than June 1st 2011. (See Below ). Call (340) 773-6459 or visit us at www.ltg.gov.vi

PROPERTY SOLD: 2007 Real property tax bills are sent to the owner as of January 1, 2008. If you have sold this property since January 1, 2008, you may need to forward this bill to the new owner.

Mailing Address: It is the responsibility of the property owner to notify the Tax Assessor's Office of any change in their mailing address.

## 2007 NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL 2007
GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS
### Christiansted

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | 56 & 47 GREAT POND | | | | | 2-07200-0401-00 | | |
| ASSESSED LAND | ASSESSED IMPROVEMENT | ASSESSED TOTAL | TAX RATE | AMOUNT OF TAX | LESS EXEMPTIONS | SEWER USER'S FEE | AMOUNT DUE | | BALANCE DUE |
| 179,700 | 0 | 179,700 | 0.0125 | 1,347.75 | 0.00 | 0.00 | 1,347.75 | 1,853.30 | (505.55) |

According to Title 33, Virgin Islands Code, Section 2451, if dissatisfied with the assessment, you have until June 1 2011 to appeal to the Board of Tax Review; no claim will be considered after the period. If you file such an appeal, you are invited to visit the Tax Assessor's Office in your district where you will be shown the results of the assessment and the method of arriving at the valuation. If errors are found they will be corrected.

| ATTACHED FEE | INTEREST | AMOUNT PAID |
|---|---|---|
| | | |

PrePayment Amount $1853.30
Remaining Credit for 2008 $-505.55

GOLDEN RESORTS LTD LLC
C/O TRESTON E. MOORE ESQ.
SUITE 1
5035 NORRE GADE
St Thomas, VI 00802

## 2007 NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL 2007
GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS
### Christiansted

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | 56 & 47 GREAT POND | | | | | 2-07200-0401-00 | | |
| ASSESSED LAND | ASSESSED IMPROVEMENT | ASSESSED TOTAL | TAX RATE | AMOUNT OF TAX | LESS EXEMPTIONS | SEWER USER'S FEE | AMOUNT DUE | | BALANCE DUE |
| 179,700 | 0 | 179,700 | 0.0125 | 1,347.75 | 0.00 | 0.00 | 1,347.75 | 1,853.30 | (505.55) |

According to Title 33, Virgin Islands Code, Section 2451, if dissatisfied with the assessment, you have until June 1, 2011 to appeal to the Board of Tax Review; no claim will be considered after this period. If you file such an appeal, you are invited to visit the Tax Assessor's Office in your district where you will be shown the results of the assessment and the method of arriving the valuation, if errors are found they may be corrected.

| ATTACHED FEE | INTEREST | AMOUNT PAID |
|---|---|---|
| | | |

PrePayment Amount $1853.30
Remaining Credit for 2008 $-505.55

GOLDEN RESORTS LTD LLC
C/O TRESTON E. MOORE ESQ.
SUITE 1
5035 NORRE GADE
St Thomas, VI 00802

214

GOVERNMENT OF
THE UNITED STATES VIRGIN ISLANDS
OFFICE OF THE LIEUTENANT GOVERNOR
TAX ASSESSOR'S OFFICE
1131 King Street
Christiansted, St. Croix, Virgin Islands 00820

## NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL

Dear Property Owner,

Your 2007 Notice of Change of Assessment and Real Property Tax Bill has been prepared in a two-part format. If you had an overpayment from your 2006R tax bill, this bill reflects a prepayment. Please pay Balance Due listed below. If there is still an overpayment the additional credit will be applied towards the 2008 tax bill.

A return envelope is enclosed for your convenience. If you choose to pay your bill by mail, tear off the lower portion of the tax bill and return it in the enclosed return envelope with your check or money order made payable to the GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS. DO NOT SEND CASH.

If you prefer to pay your Real Property Tax Bill in person, bring the entire bill to the Tax Collector's office. You may pay in person by cash, check, money order, or credit card (MasterCard or Visa). The Tax Collector's office will retain the lower section of your bill.

THE DUE DATE OF THE REAL PROPERTY TAX BILL IS MARCH 15, 2011. PAY BEFORE MAY 15, 2011 TO AVOID BECOMING DELINQUENT. PAY BY AUGUST 15, 2011 TO AVOID LATE PAYMENT CHARGES (ACT 7241).

If you are dissatisfied with the assessment, you may file an informal appeal with the Tax Assessor's office; if not satisfied a formal appeal may be filed to the Board of Tax Review no later than June 1st 2011. (See Below). Call (340) 773-6459 or visit us at www.ltg.gov.vi

PROPERTY SOLD: 2007 Real property tax bills are sent to the owner as of January 1, 2008. If you have sold this property since January 1, 2008, you may need to forward this bill to the new owner.

Mailing Address: It is the responsibility of the property owner to notify the Tax Assessor's Office of any change in their mailing address.

## 2007 — NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL — GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS — 2007

Christiansted

52 53 54 55 56 57 HARTMAN 2-07200-0101-00

| ASSESSED LAND | ASSESSED IMPROVEMENT | ASSESSED TOTAL | TAX RATE | AMOUNT OF TAX | LESS EXEMPTIONS | SEWER USER'S FEE | AMOUNT DUE | INTEREST FEE | BALANCE DUE |
|---|---|---|---|---|---|---|---|---|---|
| 1,411,600 | 0 | 1,411,600 | 0.0075 | 10,587.00 | 0.00 | 0.00 | 10,587.00 | 1,864.56 | 8,722.44 |

According to Title 33, Virgin Islands Code, Section 2451, if dissatisfied with the assessment, you have until June 1, 2011 to appeal to the Board of Tax Review, no claim will be considered after this period. If you file such an appeal, you are invited to visit the Tax Assessor's Office in your district where you will be shown the details of the assessment and the method of arriving at the valuation. If errors are found they will be corrected.

PrePayment Amount $1864.56

GOLDEN RESORTS LTD LLP
C/O TRESTON E. MOORE ESQ.
SUITE 1
5035 NORRE GADE
St Thomas, VI 00802

## 2007 — NOTICE OF CHANGE OF ASSESSMENT AND REAL PROPERTY TAX BILL — GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS — 2007

Christiansted

52 53 54 55 56 57 HARTMAN 2-07200-0101-00

| ASSESSED LAND | ASSESSED IMPROVEMENT | ASSESSED TOTAL | TAX RATE | AMOUNT OF TAX | LESS EXEMPTIONS | SEWER USER'S FEE | AMOUNT DUE | INTEREST FEE | BALANCE DUE |
|---|---|---|---|---|---|---|---|---|---|
| 1,411,600 | 0 | 1,411,600 | 0.0075 | 10,587.00 | 0.00 | 0.00 | 10,587.00 | 1,864.56 | 8,722.44 |

According to Title 33, Virgin Islands Code, Section 2451, if dissatisfied with the assessment, you have until June 1, 2011 to appeal to the Board of Tax Review, no claim will be considered after this period. If you file such an appeal, you are invited to visit the Tax Assessor's Office in your district where you will be shown the details of the assessment and the method of arriving at the valuation. If errors are found they will be corrected.

PrePayment Amount $1864.56

GOLDEN RESORTS LTD LLP
C/O TRESTON E. MOORE ESQ.
SUITE 1
5035 NORRE GADE
St Thomas, VI 00802

215

## TO: MINISTRY OF AGRICULTURE
## APPLICATION FOR ALIENS LAND HOLDING LICENCE

### FULL IN DUPLICATE

NAME OF APPLICANT .............................................................

.............................................................

FULL HOME ADDRESS .............................................................

.............................................................

LOCAL ADDRESS .............................................................

.............................................................

PHOTOGRAPH
(Passport size

RESIDENCE STATUS .............................................................

APPLIATION FEE .............................................................

### NOTORISED COPIES OF THE FOLLOWING

- HEALTH RECORD .............................................................

- POLICE RECORD .............................................................

- CHARACTER REFERENCES .............................................................

BANK STATEMENT (on .............................................................
Bank Letterhead) .............................................................

NAME OF VENDOR .............................................................

ADDRESS OF VENDOR .............................................................

.............................................................

COPY LAND PLANS .............................................................

EXHIBIT
**3**

216

LETTER FROM VENDOR .............................................................
(Re: Intention to sell land)

PURCHASE PRICE .............................................................
(EC Dollars)

.............................................................

SURVEYORS PLANS .............................................................
(In Duplicate)

.............................................................

USE OF WHICH LAND IS TO
BE PUT .............................................................

(a) DWELLING HOUSE .............................................................

(b) DEVELOPMENT PROJECT .............................................................

N.B. PROJECT PROPOSALS TO BE ATTACHED IN CASE OF (B) OF THE ABOVE.

ESTIMATED COST OF
DWELLING HOUSE .............................................................

ESTIMATED COST OF PROJECT .............................................................

ESTIMATED NUMBER OF
PERSONS TO BE EMPLOYED
ON PROJECT .............................................................

SHARES/STOCK/DEBENTURES/
DIRECTORSHIPS .............................................................

.............................................................

.............................................................

.............................................
SIGNATURE OF APPLICANT OR AGENT

.............................
DATE

217

## GOVERNMENT OF ANGUILLA

GUIDANCE NOTES ON THE ALIEN LAND HOLDING

REGULATIONS ORDINANCE 1976, AS AMENDED

APPLICATION FOR ALIEN LAND HOLDING LICENSE

Applications for Alien Land Holding Licenses mustbe made to the Department of Lands and Surveys.

Before an Alien Land Holding License applicationcan be accepted for processing all of the following must be available.

1) Planning permission for the proposed developmentfrom the Land Development Control Committee, at least in outline.

2) Two completed Alien Land Holding License applicationforms for each applicant with recent colour passport photographattached. Where the applicant is a company the managing directorand company secretary should complete separate application forms. Full details of all the directors, shareholders and benefactorsof the company should also be given.

3) An original or a certified copy of:

(a) Bank reference showing your financial statusand current net worth
(b) Police records from all the countries you havelived in over the past seven years
(c) Personal reference

4) Details of the proposed development includinga full marketing study for any tourist or business project.

5) An application fee of EC$665.00 for each applicationeither in cash or a Bank Cheque made out to "the Accountant General."

You should also be aware that approval will onlybe given for whole parcels. Where you hope to purchase part of a parcel you must ensure that the lot you require is first subdivided and given its own block and parcel number.

The information requested is required to permit yourapplication to be considered in its proper perspective. You shouldnote that before determining whether a License will be grantedthe Minister of Lands will interview applicants who meet the basicrequirements.

You should be aware that an Alien Land Holding Licensedoes not in any way exempt you from any other law in Anguillarestricting or limiting the use of land in particularthe need for planning and building permission. Before you can apply foran Alien Land Holding License you must have at least an outlineplanning consent for the development you propose. Full planningconsent and a building permit are required before work can commence.

Once approval for an Alien Land Holding License hasbeen granted Stamp Duties and, where applicable, a deposit mustbe paid to the Treasury before the License is issued. Licensesmust be collected within two months of the Executive Council decisionto grant you a License. Failure to collect a License within time-framewill result in the License being cancelled. In which case youwill have to re-apply from the beginning.

You should be aware that you will not be permittedto rent your property unless express permission is obtained fromGovernment. Currently permission is subject to a fee of US$1,2000.00per year.

### STAMP DUTY AND DEPOSIT

The current rates of Stamp Duty for Alien Land HoldingLicenses are specified in the Alien Land Holding Regulations(Amendment)Ordinance 1993.

Freehold land now attracts Stamp Duty for Alien LandHolding Licenses at a rate of 12.5%.

The rates for leasehold are:

over 99 years 11% of the freehold value

from 50 years to 99 years 10% of the freeholdvalue

from 10 years to 50 years 05% of the freeholdvalue

less than 10 years EC$500.00

Any other interest EC$500.00

In addition to Stamp Duty for Alien Land HoldingLicenses, Stamp Duty is also payable on transfers. For freeholdthe Stamp Duty rate is 5% of the freehold value, and for leasehold0.05% of the freehold value for each year of the lease.

Where land is being purchased for construction ofa residence a deposit of 10% of the freehold value is requiredprior to issuing the License. This deposit is refunded if thepoperty is completed within the time specified in the License.

### POLICY

Residences built by aliens must not be less than2000 sq. ft. of gross external floor area and the property mustbe completed within 18 months.

The present policy is to permit aliens to purchaseup to a half acre for residential use but larger areas may bepermitted in exceptional circumstances. Where permission is grantedfor a private home renting is NOT permitted unless specificpermission is granted. The granting of

218

permission will be subject to applicant agreeing to pay a fee for the privilege of renting (currently US$1,200.00 per year)

PENALTIES

Alien Land Holding Licenses are granted to enable aliens to acquire and develop land. All

Licenses are subject to conditions and breached penalties may be enforced.

Licenses for bare land require the applicant to build within a given time-frame. For houses the applicants are usually required to complete construction within eighteen months from the date the License is issued. After that date a penalty, currently EC$500.00 per month, is charged for a period of a further 12 months. Thereafter the penalty is doubled. If the building is still not completed at the end of eighteen months from the agreed completion date forfeiture proceeding may be started which, will result in the land being transferred to The Government.

FURTHER INFORMATION

If you have any question or require clarification on any point contact either the Permanent Secretary Lands at 2443 of 2516 or the Director of Lands and Surveys at 2424. However you are advised to seek legal advice before purchasing any land or interest in land.

Chief Minister's Office

12 January, 1998

219